Lynnette Warman
Tex. Bar No. 20867940
Richard G. Grant
Tex. Bar No. 08302650
CULHANE MEADOWS, PLLC
The Crescent, Suite 700
100 Crescent Court
Dallas, Texas 75201
Telephone: 214-693-6525
Facsimile: 214-361-6690
Email: lwarman@culhanemeadows.com
Email: rgrant@culhanemeadows.com

ATTORNEYS FOR DEBTOR IN POSSESSION

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 15-40248-11 |
| GTL (USA), INC., | § | Chapter 11 |
| | § | |
| Debtor. | § | |

### DECLARATION OF URMEET S. JUNEJA IN SUPPORT OF DEBTOR'S FIRST DAY MOTIONS

I, Urmeet S. Juneja, hereby declare under penalty of perjury:

1. I am the Senior Vice President of GTL (USA), Inc., a corporation organized under the laws of Delaware and the above-captioned debtor and Debtor in possession (the "*Debtor*"). In this capacity, I am familiar with the Debtor's day-to-day operations, businesses, financial affairs, and books and records.

2. On February 9, 2015 (the "*Petition Date*"), GTL filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "*Bankruptcy Code*").

3. The Debtor continues to operate its business and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. I submit this declaration (this "*First Day Declaration*") to provide an overview of the Debtor and this chapter 11 case and to support the Debtor's chapter 11 petition and "first day" applications and motions (each, a "*First Day Motion*," and collectively, the "*First Day Motions*").1

5. Except as otherwise indicated herein, all facts set forth in this First Day Declaration are based upon my personal knowledge of the Debtor's operations and finances, information learned from my review of relevant documents, information supplied to me by other members of the Debtor's management and the Debtor's professional advisors, or my opinion based on my experience, knowledge, and information concerning the Debtor's operations and financial condition. I am authorized to submit this First Day Declaration on behalf of the Debtor and, if called upon to testify, I could and would testify competently to the facts set forth herein.

### GENERAL BACKGROUND.

**A.     Debtor's Business and Overview.**

6. For over two decades GTL has been partnering with leading telecom operators and OEMs offering its expertise in wireless communications. From 2G Networks to 3G and 4G, from LTE to IPTV, GTL provides complete life-cycle solutions for "Network Services". The services include Network Planning & Design, Network Deployment, Network Operations and Maintenance, Infrastructure Management, In-Building Solutions and Professional Services.

---

1 All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the relevant First Day Motion

*Declaration of Urmeet S. Juneja in Support of Debtor's Chapter 11 Petition and First Day Motions*     *Page 2*

7. GTL Group has received more than twenty five (25) accolades and awards for excellence in Business, Corporate Social Responsibility, Corporate Governance, Human Resources, and Entrepreneurship. The group flagship company GTL Limited features amongst top ten (10) in Standard & Poors ESG India Index, and is the recipient of Performance Excellence trophy from IMC Ramakrishna Bajaj National Quality Award. In addition, the company has received certifications such as Six Sigma, ISO 9000-2001, ISO 14001 and OHSAS 18001.

8. Since 2008, GTL (USA), Inc, located out of Plano, Texas, has been working with Telecom Carriers like AT&T and Verizon and Equipment vendors like Ericsson and Nokia providing Network Planning, Design and Optimization services. GTL also provides professional services to all its clients.

9. The Debtor has approximately 44 employees on its payroll.

10. In consultation with its professional advisors and after careful examination by the Debtor's board of directors, the Debtor determined that chapter 11 would provide the necessary tools to preserve asset value, accomplish a meaningful operational restructuring of the Debtor.

**B.    The Debtor's Prepetition Organizational Structure.**

11. GTL USA, Inc. is a 100% subsidiary of GTL International Ltd a Bermuda based company. GTL International is owned 100% by GTL Ltd, an Indian Company based in Mumbai and listed on the Indian Stock Exchanges.

**C.    The Debtor's Prepetition Capital Structure.**

12. The Debtor has no secured creditors.

## EVENTS LEADING TO THIS CHAPTER 11 CASE

12. This chapter 11 proceeding was initiated in response to an unexpected prejudgment writ of garnishment issued in a lawsuit involving a contract dispute. The garnishment, if finally approved, would have eliminated all of the Debtor's liquidity and rendered it unable to continue operations.

## EVIDENTIARY SUPPORT FOR FIRST DAY MOTIONS

13. Concurrently with the filing of its chapter 11 petition, the Debtor has filed a number of First Day Motions seeking relief that the Debtor believes is necessary to enable it to operate with minimal disruption and loss of productivity. The Debtor requests that the relief requested in each of the First Day Motions be granted as critical elements in ensuring a smooth transition into, and stabilizing and facilitating the Debtor's operations during the pendency of, this Chapter 11 case. I have reviewed each of the First Day Motions discussed below, and the facts set forth in each First Day Motion are true and correct to the best of my knowledge, information and belief, with appropriate reliance on other members of the Debtor's management and the Debtor's professional advisors.

    **A.**    **First Day Debtor's Motion For Order Granting Authority to Fund Payments to PEO for Payments to Leased Employees and to Pay Benefits, Reimburse Expenses and Pay Per Diem Charges to Leased Employees**

14. The Debtor utilizes Insperity PEO Services as a co-employer to lease and administer payments and benefits. The Debtor requests the authority, in its sole discretion, to pay prepetition claims, honor obligations, and to continue programs, in the ordinary course of business and consistent with past practices, relating to the Employees and the Benefits. The total amount of wages to be paid is approximately $175,000. This amount would be paid to Insperity, which would then pay the employees

15. In the ordinary course of business the Debtor regularly reimburses the employees for expenses they incur in the course of their employment. Employees incur expenses for travel and other expenses which are necessary for them to accomplish their job requirements. The Debtor regularly reimburses the employees for such expenses twice per month, at the regular pay periods. The Debtor requests permission to reimburse its employees for expenses incurred during the period of February 1-15, 2015. The amount to be reimbursed this pay period, pending this Court's approval, is approximately $12,500. In addition, the Debtor reimburses its employees for per diem travel charges. The amount of such reimbursable charges for the period February 1-15, 2015 is approximately $11,000. The Debtor requests permission to reimburse these per diem charges as well.

16. I believe that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and all other parties in interest, and will enable the Debtor to continue to operate its business in chapter 11 without disruption. Accordingly, on behalf of the Debtor, I respectfully submit that the Wages and Benefits Motion should be approved.

**B.   Motion for Authority to Maintain Existing Accounts, Cash Management System, and Business Forms (the "Cash Management Motion").**

17. The Debtor has bank accounts at CitiBank and Chase (the "Banks"). The Debtor intends to close all of its bank accounts and reopen DIP accounts with the exception of CitiBank Account No. ***-***-5992 (the "Customer Deposit Account"). The Customer Deposit Account is utilized by customers in for their autopay and wire transfers to the Debtor. Closing the Deposit Account will negatively affect the case until customers can transition payment systems to a new DIP depository account.

18. The Debtor requests the authority to: (a) continue to use, with the same account number the Customer Deposit Account, which the Debtor will request to be designated as a

debtor-in-possession account. Debtor will close all other accounts and open a new debtor-in-possession accounts at Citibank N.A., which will be designated as a debtor-in-possession account and utilized for disbursements.

19. In addition, the Debtor further request that the Court authorize the Banks to: (a) continue to maintain, service, and administer the Customer Deposit Account; and (b) debit the Bank Account in the ordinary course of business on account of undisputed, outstanding service charges owed to the Banks as of the Petition Date on account of the maintenance of the Debtor's Cash Management System, if any.

20. The relief requested in the Cash Management Motion is vital to ensuring the Debtor's seamless transition into bankruptcy. Authorizing the Debtor to maintain its primary account will avoid many of the possible disruptions and distractions that could divert its attention from more critical matters during the initial days of this Chapter 11 case.

21. I believe that the relief requested in the Cash Management Motion is in the best interests of the Debtor's estate, its creditors, and all other parties in interest, and will enable the Debtor to continue to operate its business in chapter 11 without disruption. Accordingly, on behalf of the Debtor, I respectfully submit that the Cash Management Motion should be approved. The U.S. Trustee does not oppose this request.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct.

Dated: February 10, 2015
Plano, Texas

/s/ Urmeet S. Juneja
Urmeet S. Juneja, Senior Vice President

Dated: February 11, 2015                    Respectfully Submitted,

                                                                             CULHANE MEADOWS, PLLC

                                                                             By:    /s/ Lynnette Warman
                                                                                   Lynnette Warman
                                                                                   Tex. Bar No. 20867940
                                                                                   Richard G. Grant
                                                                                   Tex. Bar No. 08302650

The Crescent, Suite 700
100 Crescent Court
Dallas, Texas 75201

Telephone: 214-693-6525
Facsimile: 214-361-6690
Email: rgrant@culhanemeadows.com
Email: lwarman@culhanemeadows.com

ATTORNEYS FOR DEBTOR IN
POSSESSION