Lynnette Warman
Tex. Bar No. 20867940
Richard G. Grant
Tex. Bar No. 08302650
CULHANE MEADOWS, PLLC
The Crescent, Suite 700
100 Crescent Court
Dallas, Texas 75201
Telephone: 214-693-6525
Facsimile: 214-361-6690
Email: lwarman@culhanemeadows.com
Email: rgrant@culhanemeadows.com

PROPOSED ATTORNEYS FOR
DEBTOR IN POSSESSION

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 15-40248-11 |
| GTL (USA), INC., | § | Chapter 11 |
| | § | |
| Debtor. | § | |

**MOTION OF THE DEBTOR AND DEBTOR-IN-POSSESSION FOR AN
ADMINISTRATIVE ORDER ESTABLISHING PROCEDURES FOR INTERIM
COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A
WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED
STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY
FILING THIS PLEADING WITHIN TWENTY-ONE (21) DAYS FROM
DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS
THE TIME FOR FILING SUCH OBJECTION.**

**IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING
SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY
ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN
OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE
COURT WILL THEREAFTER SET A HEARING. IF YOU FAIL TO
APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN.
THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY
MATTER.**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

GTL (USA), Inc., the debtor and debtor-in-possession in the above captioned case (the "Debtor"), hereby files this Motion For an Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the "Motion") and in support thereof respectfully states as follows:

### *Introduction*

1.      On February 9, 2014 (the "Petition Date"), the Debtor commenced its reorganization case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  No creditors' committee or trustee has been appointment in this case.  The Debtor continues in possession of its assets and management of its business pursuant to 11 U.S.C. §§ 1107 and 1108.

2.      The Court has jurisdiction over the Application pursuant to 28, U.S.C. §§157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b) (2).

3.      The statutory predicates for the relief sought in this Application are Sections 331 of the Bankruptcy Code and Rule 2014 of the Federal Rules of the Bankruptcy Procedure.

4.      In connection with the administration of this Chapter 11 cases, the Debtors have filed or expect to file applications to retain primary debtor-in-possession counsel (Culhane Meadows, PLLC); special counsel; accountants and auditors.  The foregoing shall be individually referred to herein as a "Professional" and collectively as the "Professionals").

### *Relief Requested*

5.      By this Motion, the Debtor seeks entry of order authorizing and establishing procedures for the interim compensation for services rendered and reimbursement of expenses incurred by, the Professionals on a monthly basis.  Such an order will streamline the professional

compensation process and enable the Court and all other parties to monitor more effectively the

professional fees incurred in this Chapter 11 case.

### *Interim Compensation Procedures*

6.      Specifically, the Debtor proposes that, except as otherwise provided in an order of

the Court authorizing the retention of a particular Professional, the Professionals be permitted to

seek interim payment of compensation and reimbursement of expenses in accordance with the

following procedures (collectively, the "*Compensation Procedures*").

a.      Not earlier than the 15th day of each calendar month, each Professional
may file an application (a "*Monthly Fee Application*") with the Court for interim
approval and allowance of compensation for services rendered and reimbursement of
expenses incurred during any preceding month or months and serve a copy of such
Monthly Fee Application on each of the following parties in the manner specified below:

(i)      GTL (USA), Inc. (via electronic mail only to
urmeet.juneja@gtlamericas.com and rajiv.kamat@gtlamericas.com);

(ii)      Counsel to the Debtors via ECF, via First Class Mail to Culhane
Meadows, PLLC, The Crescent, Suite 700, 100 Crescent Court, Dallas, Texas
75201 Attn: Lynnette Warman, Esq. and via electronic mail to
lwarman@culhanemeadows.com and rgrant@culhanemeadows.com);

(iii)      The Office of the United States Trustee, Eastern District of Texas
via ECF and via electronic mail to Timothy.W.O'Neal@usdoj.gov); and

(iv)      Counsel for any Official Committee of Unsecured Creditors via
ECF and via electronic mail) (collectively, the "*Notice Parties*").

Any Professional that fails to file a Monthly Fee Application for a particular month or
months may subsequently submit a consolidated Monthly Fee Application for a particular
month or months. All Monthly Fee Applications will comply with the Bankruptcy Code,
the Bankruptcy Rules, applicable Fifth Circuit law and the Local Rules.

b.      Each Notice Party will have until 4:00 p.m. (prevailing Central time) on
the 15th day (or the next business day if such day is not a business day) following service
of the Monthly Fee Application (the "*Objection Deadline*") to object to the requested fees
and expenses in accordance with the procedures described in subparagraph (c) below.
Upon the expiration of the Objection Deadline, a Professional may file a certificate of no
objection (a "*CNO*") with the Court with respect to the unopposed portion of the fees and
expenses requested in its Monthly Fee Application. After a CNO is filed, the Debtors are
authorized and directed to pay the Professional an amount (the "*Actual Monthly*

*Payment*") equal to the lesser of (i) 80 percent of the fees and 100 percent of the expenses requested in the applicable Monthly Fee Application (the "*Maximum Monthly Payment*") and (ii) 80 percent of the fees and 100 percent of the expenses requested in the applicable Monthly Fee Application that are not subject to an objection pursuant to subparagraph (c) below.

c.      If any Notice Party wishes to object to a Professional's Monthly Fee Application, it must (i) file a written objection (an "*Objection*") with the Court on or before the Objection Deadline and (ii) serve the Objection on the affected Professional and each of the other Notice Parties so that it is received by each of these parties on or before the Objection Deadline. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection, the affected Professional may either (i) file a request with the Court for payment of the difference between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Professional (the "*Incremental Amount*") or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection if requested by the parties.

d.      Each Professional may submit its first Monthly Fee Application no earlier than March 1, 2015. This initial Monthly Fee Application will cover the period from the Petition Date February 28, 2015. Thereafter, the Professionals may file Monthly Fee Applications in the manner described above.

e.      At three-month intervals (the "*Interim Fee Period*"), each of the Professionals may file with the Court and serve on the Notice Parties a request (an "*Interim Fee Application Request*") for interim Court approval and allowance of the compensation and reimbursement of expenses sought by such Professional in its Monthly Fee Applications, including any holdbacks, filed during the Interim Fee Period, pursuant to section 331 of the Bankruptcy Code. The Interim Fee Application Request must include a brief description identifying the following:

(i)      the Monthly Fee Applications that are the subject of the request;

(ii)     the amount of fees and expenses requested;

(iii)    the amount of fees and expenses paid to date or subject to an Objection;

(iv)     the deadline for parties other than the Notice Parties to file objections (the "*Additional Objections*") to the Interim Fee Application Request; and

(v)      any other information requested by the Court or required by the Local Rules.

Objections, if any, to the Interim Fee Application Requests shall be filed and served upon the affected Professional and the Notice Parties so as to be received on or before the 15th

day (or the next business day if such day is not a business day) following service of the applicable Interim Fee Application Request.

f.    The Debtors will request that the Court schedule a hearing on the Interim Fee Application Requests at least once every three (3) months or at such other intervals as the Court deems appropriate. If no Objections are pending and no Additional Objections are timely filed, the Court may grant an Interim Fee Application Request without a hearing.

g.    The first Interim Fee Period will cover the period from the Petition Date through April 30, 2014 (the "*Initial Three Month Period*"). Each Professional must file and serve its first Interim Fee Application Request on or before June 15, 2015. Each Professional shall thereafter file an Interim Fee Application Request within 45 days of the last day of the third month occurring in each successive Interim Fee Period that follows the Initial Three Month Period; provided that these procedures and deadlines are not intended to apply to final fee applications filed by Professionals.

h.    The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures. Any Professional that fails to file a Monthly Fee Application or an Interim Fee Application Request when due or permitted will be ineligible to receive further interim payments of fees or expenses under the Compensation Procedures until such time as a Monthly Fee Application or Interim Fee Application Request is submitted by the Professional. There will be no other penalties for failing to file a Monthly Fee Application or an Interim Fee Application Request in a timely manner.

i.    Neither (i) the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under the Compensation Procedures nor (ii) the filing of or failure to file an Objection, will bind any party in interest or the Court with respect to the final allowance of applications for compensation and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals under the Compensation Procedures are subject to disgorgement until final allowance by the Court.

7.    In addition, the Debtors request that the Court limit the notice of interim and final fee application requests to (a) the Notice Parties and (b) all parties that have filed a notice of appearance with the Clerk of this Court, pursuant to Bankruptcy Rule 2002, and requested such notice (the "*Additional Service Parties*"). The Debtors further request that (y) the Notice Parties be entitled to receive complete copies of the Monthly Fee Applications, any Interim Fee Application Requests, any final fee application requests and any notices of hearing on interim or

final fee application requests and (z) the Additional Service Parties shall be entitled to receive only

the notices of hearing on the interim and final fee application requests. Providing interim and final

fee application requests in the manner will permit the parties most active in these chapter 11 cases

to review and object to professional fees and will save the expense of undue duplication and

mailing.

8.      The Debtor will include all payments made to Professionals in accordance with

the Compensation Procedures in their monthly operating report, identifying the amount paid to

each of the Professionals.

### *Applicable Authority*

9.      Section 331 of the Bankruptcy Code provides, in relevant part, as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed
> under section 327 or 1103 of this title may apply to the court not more than once
> every 120 days after an order for relief in a case under this title, or more often if
> the court permits, for such compensation for services rendered before the date of
> such an application or reimbursement for expenses incurred before such date as is
> provided under section 330 of this title. After notice and a hearing, the court may
> allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. § 331. Absent an order of this Court as contemplated and as permitted by section 331,

section 331 limits Professionals rendering services in these chapter 11 cases to payment of fees

and expenses only three times per year.

10.      The Compensation Procedures proposed herein will (a) substantially reduce the

burden imposed on the Court by avoiding the need for the immediate review of Monthly Fee

Applications, (b) enable parties in interest to monitor more closely the costs of administering

these cases, (c) diminish undue financial burdens on the Professionals and avoid having

Professionals fund the costs of the Debtors' reorganization, and (d) permit the Debtors to better

predict and manage their monthly cash needs.

11.     Accordingly, the relief requested is in the best interests of the Debtors, their

estates and creditors.

### *Notice*

12.     Notice of this Motion shall be provided to (a) the Office of the United States

Trustee for the Eastern District of Texas, (b) the Internal Revenue Service, (c) the Securities and

Exchange Commission, (d) the Office of the Attorney General of the State of Texas, and (e) any

parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of

the nature of the relief requested, no other or further notice is necessary or required.

WHEREFORE, the Debtor respectfully requests the entry of an order substantially in the

form attached hereto as Exhibit A granting the relief requested herein and  such other and further

relief as may be just and proper.

Dated: February 24, 2015                          Respectfully Submitted,

                                                  CULHANE MEADOWS, PLLC


                                                  By:      /s/ Lynnette Warman
                                                          Lynnette Warman
                                                          Tex. Bar No. 20867940
                                                          Richard G. Grant
                                                          Tex. Bar No. 08302650

                                                  The Crescent, Suite 700
                                                  100 Crescent Court
                                                  Dallas, Texas 75201

                                                  Telephone: 214-693-6525
                                                  Facsimile: 214-361-6690
                                                  Email: rgrant@culhanemeadows.com
                                                  Email: lwarman@culhanemeadows.com

                                                  PROPOSED ATTORNEYS FOR DEBTOR
                                                  IN POSSESSION