Lynnette Warman
Tex. Bar No. 20867940
Richard G. Grant
Tex. Bar No. 08302650
CULHANE MEADOWS, PLLC
The Crescent, Suite 700
100 Crescent Court
Dallas, Texas 75201
Telephone: 214-693-6525
Facsimile: 214-361-6690
Email: lwarman@culhanemeadows.com
Email: rgrant@culhanemeadows.com

PROPOSED ATTORNEYS FOR DEBTOR IN POSSESSION

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 15-40248-11 |
| GTL (USA), INC., | § | Chapter 11 |
| | § | |
| Debtor. | § | |

**DECLARATION OF URMEET S. JUNEJA IN SUPPORT OF DEBTOR'S
EMERGENCY MOTION FOR AUTHORITY TO OBTAIN CREDIT
SECURED BY CASH DEPOSITS UNDER 11 U.S.C § 364(C)(2)**

I, Urmeet S. Juneja, hereby declare under penalty of perjury:

1.      I am the Senior Vice President of GTL (USA), Inc., a corporation organized under the laws of Delaware and the above-captioned debtor and Debtor in possession (the "*Debtor*"). In this capacity, I am familiar with the Debtor's day-to-day operations, businesses, financial affairs, and books and records.

2.      On February 9, 2015 (the "Petition Date"), the Debtor commenced its reorganization case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"). To date, no creditors' committee has been appointed in this case. The Debtor continues in possession of its property and operation of

its business, as debtor-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.      In the ordinary course of business, the Debtor has service technicians and drivers[1] that travel among locations required by customers to measure signal strength of mobile network, cell towers and other related network equipment to support the network infrastructure of customers such as Nokia and Ericsson. The Debtor pays for the fuel, car rental, travel, lodging, room and board of the service technicians and drivers.

4.      Prior to the Petition Date, the Debtor had unsecured credit facilities with WEX Bank (fuel), Universal Premium (fuel), Extended Stay America (Lodging) and American Express (airlines, room and board) to provide for the logistics of paying for such travel expenses. Each of these facilities was typically paid by autodebits from the Debtor's bank account.

5.      The providers of each of the foregoing prepetition credit facilities have terminated postpetition advances. The credit providers are no longer willing to provide postpetition credit to the Debtor on an unsecured basis as contemplated by Bankruptcy Code Section 364(a).  The credit facility providers appear to only be willing to provide postpetition credit to the Debtor to the extent secured by cash on deposit with the credit facility provider.

6.      The Debtor has been working with these prepetition credit providers to reestablish credit terms on a postpetition basis. In addition, the Debtor has identified new and/or backup credit providers to supplement the prepetition group of convenience credit providers, to wit: Global Fleet (fuel), Creative Lodging Solutions (lodging) and Wells Fargo Bank (secured business credit card).

---

1  The technicians and drivers are employed, either through the Debtor's Professional Employment Organization provided by Insperity, or by various subcontractors and staffing companies.

7.      Due to the pendency of the Debtor's Chapter 11 case, the convenience credit providers are requiring cash deposits to secure the proposed postpetition convenience credit facilities.  The Debtor seeks general authority by this motion to obtain credit and incur debt pursuant to 11 U.S.C. §364(c)(2) secured by property of the estate (cash deposits) that is not otherwise subject to a lien up to a maximum amount of $300,000.

8.      The Debtor has not yet made final decisions as to which combination of credit providers is the most desirable and continues to negotiate with the various providers.  However, the amount of the cash deposit is generally equal to the amount of anticipated credit to be utilized by the Debtor. The Debtor contemplates amounts such as the following:

| | | |
|---|---|---|
| a. | WEX Bank (fuel): | $25,000-$35,000 |
| b. | Universal Premium (fuel): | $5,000-$10,000 |
| c. | Global Fleet – WEX FSC (fuel): | $10,000-$15,000 |
| d. | Extended Stay America (lodging): | $50,000-$60,000 |
| e. | Creative Lodging Solutions (lodging): | $25,000-$35,000 |
| f. | WEX Bank (MasterCard) | $75,000 |
| g. | American Express (general credit): | $50,000-$75,000 |
| h. | Wells Fargo (general credit): | $100,000. |

9.      The credit agreements all generally contemplate a deposit of cash with the provider that is held on deposit subject to the security interest of the provider.  Billing for charges are issued monthly and immediately paid by the Debtor.  In the event of a nonpayment in full, the provider would apply the deposit to the outstanding amount and terminate the facility.

10.      Some of these credit providers (e.g. WEX Bank, Global Fleet) have provided the forms of agreement required.  Exemplars of such agreements are attached to the Motion as **Exhibit B**.

11.     To maintain flexibility in the creation and modification of these agreements, including the possible waiver or elimination of the deposit requirement, the Debtor requests general authority to enter into, modify and terminate these types of arrangements as may be called for in the Debtor's business judgment.  However, the Debtor would be limited to a maximum aggregate deposit of $300,000 absent further Court approval.

**Alternatives**

12.     The Debtor has investigated the wisdom of utilizing other methods to pay for the described services, including debit cards to the Debtor's DIP bank accounts, a traditional invoice/check payment system, and requiring employees to incur the expense on their personal credit card and then submit the same for reimbursement.  In my business judgment, each of these methods is less desirable.

13.     *Alternative 1: Debit Cards*. The Debtor has determined that utilizing a company debit or ACH directly to the debtor-in-possession operating account is not a secure method of payment and has the potential for abuse.  In the comparison, using a secured general credit card facility with American Express, WEX Bank, or Wells Fargo provides for unique credit cards to be issued to each technician. In the event of misuse of the credit card, the credit card facility allows for the notice of termination of the card. The credit provider will then issue a credit for any inappropriate chargers.

14.     *Alternative 2: Invoice/Check*.  The Debtor has also considered using a traditional invoice and pay by check method. However to stay competitive in the market, this method is too cumbersome, resulting in inability of technicians to travel efficiently.  In cases of airline tickets, individual hotels, or boarding expenses, the method is simply not possible.

15.    *Alternative 3: Employee Advance to Debtor.*  The Debtor has also considered requiring the technicians to advance funds for travel expenses and submit expenses for reimbursement. This method has not been used historically by the Company because either (a) technicians do not have either the willingness or ability to utilize their personal credit card to cover the travel charges incurred or (b) utilizing a credit card facility is simply a much more efficient method to track and pay charges.

## RELIEF REQUESTED

16.    For the foregoing reasons, the Debtor requests the Court to authorize the Debtor to enter into and/or modify one or more short term credit, deposit or other agreements with convenience credit providers as may be required by such provider upon terms as the Debtor, in its reasonable business judgment, deems appropriate, all to a maximum amount of $300,000 in the aggregate.

17.    In addition, WEX Bank, one of the providers, has required that the prepetition amounts due them ($1,823.24) be paid as a condition to the postpetition credit facility with WEX Bank.  The Debtor requests authority to pay this prepetition amount as a critical vendor payment.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct.

/s/ Urmeet S. Juneja

Dated: March 2, 2015
Plano, Texas

Urmeet S. Juneja, Senior Vice President

Dated: March 2, 2015

Respectfully Submitted,

CULHANE MEADOWS, PLLC

By:     /s/ Lynnette Warman
        Lynnette Warman
        Tex. Bar No. 20867940
        Richard G. Grant
        Tex. Bar No. 08302650

The Crescent, Suite 700
100 Crescent Court
Dallas, Texas 75201

Telephone: 214-693-6525
Facsimile: 214-361-6690
Email: rgrant@culhanemeadows.com
Email: lwarman@culhanemeadows.com

PROPOSED ATTORNEYS FOR DEBTOR
IN POSSESSION

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he has transmitted a true and correct copy of the foregoing via the Court's Electronic Case Filing system to all persons participating therein on March 1, 2015 and via United States First Class Mail, postage prepaid, to each of the addresses on the attached service list.

        /s/ Richard Grant
        Richard G. Grant