Howard Marc Spector
TBA # 00785023
Nathan Johnson
TBA # 00787779
SPECTOR & JOHNSON, PLLC
12770 Coit Road, Suite 1100
Dallas, Texas 75251
(214) 365-5377
FAX: (214) 237-3380
EMAIL: hspector@spectorjohnson.com

COUNSEL FOR AUTOOPT NETWORKS, INC.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case No. 15−40248 |
| GTL (USA), Inc. | § | |
| | § | |
| Debtor. | § | Chapter 11 |

**AUTOOPT NETWORKS, INC.'S LIMITED INTERIM OBJECTION TO EMERGENCY MOTION FOR AUTHORITY TO OBTAIN CREDIT SECURED BY CASH DEPOSITS UNDER 11 U.S.C § 364(c)(2)**

TO THE HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, AutOOpt Networks, Inc. ("**AutOOpt**"), and files its Limited Interim Objection (the "**Objection**") to the Emergency Motion for Authority to Obtain Credit Secured by Cash Deposits Under 11 U.S.C. § 364(c)(2) (the "**Motion**") filed by GTL (USA), Inc. (the "**Debtor**"). In support of the Objection, AutOOpt, respectfully states:

1. On February 9, 2015, the Debtor filed a petition for relief under Chapter 11 of Title 11 of the United States Code.

2. No official committee has had an opportunity to form, nor has the creditors' meeting been held in this case.

3. On March 2, 2015, the Debtor filed the Motion.

4. The precipitating cause, but not the only cause (as explained below), of the Debtor's bankruptcy filing was the February 5, 2015 issuance by the United States District Court for the Northern District of Texas, Dallas Division (the "**District Court**") of an order granting a pre-judgment writ of garnishment arising from an approximately $3.2 million delinquent indebtedness of the Debtor to AutOOpt. A true and correct copy of the District Court's Memorandum Opinion and Order is attached hereto as "**Exhibit A**."

5. The Debtor appears to have operated at a significant loss each of the past two (2) fiscal years. While AutOOpt is not privy to comprehensive financial information for the Debtor, the Debtor is part of a consolidated group of companies whose top-level entity, GTL Ltd., files annual reports detailing the operations of its direct and indirect subsidiaries, including the Debtor, each year. Attached as "**Exhibit B**" and **"Exhibit C"** hereto are excerpts from the two (2) most recent annual reports of GTL Ltd., which show that the Debtor has reported a negative net profit (*i.e.* a net loss) in excess of US $1.4 million in each of the past two (2) fiscal years.

6. The Debtor's Statement of Financial Affairs confirms that the Debtor's gross revenues have been declining each year since 2012 (from $21.3 million in 2012 to $17.1 million in 2014).

7. In short, AutOOpt is extremely concerned that every passing day of the Debtor's operation results in the diminution of assets of the Debtor's estate leaving less and less for legitimate third-party creditors, such as AutOOpt.

8. Federal Rule of Bankruptcy Procedure 4001 only permits the Court to grant the Motion on an interim basis to the extent necessary to avoid immediate and irreparable harm to the Debtor. The Declaration of Urmeet S. Juneja in Support of Debtor's Emergency Motion for Authority to Obtain Credit Secured by Cash Deposits Under 11 U.S.C § 364(C)(2) fails to meet

that standard if considered, and should not be considered because it constitutes inadmissible hearsay.

9. Because AutOOpt does not have a complete picture as to the Debtor's current operations, but is simply relying upon historical data, AutOOpt does not object to the granting of interim relief with respect to the Motion provided, however, that (a) AutOOpt is permitted to propound, and that the Debtor is required to respond to, expedited discovery regarding the Debtor's current profitability (including, but not limited, to the Debtor's current level of cash and non-cash expenses, as well as the Debtor's current level of cash revenues and sales); and (b) the interim relief permits the Debtor to make only a deposit in the amount of 50% of the amounts requested in the Motion, pending a final hearing on the Motion to be held within the next two (2) weeks, after the Debtor has responded to the limited discovery needed to make an informed determination regarding the merits of the Motion.

10. AutOOpt reserves the right to supplement this Objection prior to the time of a final hearing on the Motion.

WHEREFORE, PREMISES CONSIDERD, AutOOpt requests that the Court limit the relief as requested herein to interim relief, grant expedited discovery pending a final hearing on the Motion, and grant AutOOpt such other relief as justice may require.

Dated: March 5, 2015.

                                                        Respectfully submitted,

By:   */s/ Howard Marc Spector*
       Howard Marc Spector
       TBA #00785023
       Nathan M. Johnson
       TBA #00787779

SPECTOR & JOHNSON, PLLC
Banner Place, Suite 1100
12770 Coit Road
Dallas, Texas 75251
(214) 365-5377
FAX: (214) 237-3380
EMAIL: hspector@spectorjohnson.com

COUNSEL FOR
AUTOOPT NETWORKS, INC.

## CERTIFICATE OF SERVICE

      This is to certify that a copy of the foregoing pleading was served via electronic means to all parties who receive ECF notice in this case on March 5, 2015.

                                          */s/ Howard Marc Spector*
                                          Howard Marc Spector