IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 15-40248-11 |
| | § | |
| GTL (USA) INC., | § | |
| | § | CHAPTER 11 |
| DEBTOR | § | |
| | § | |

**EMERGENCY MOTION FOR ORDER PURSUANT TO 11 U.S.C. §§ 105, 364, 1107, 1108, AND BANKRUPTCY RULE 6003 AUTHORIZING DEBTOR TO PAY POST-PETITION OBLIGATIONS TO VENDOR INFORMAGE SQN TECHNOLOGIES, LLC, PURSUANT SERVICES PROVIDED UNDER OUTSOURCING AGREEMENT**

**NOTICE TO PARTIES IN INTEREST**

**NO HEARING WILL BE CONDUCTED ON THIS MOTION/OBJECTION/APPLICATION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN TWENTY-ONE (21) DAYS FROM DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION.  IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT.  IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN.  THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

**MOVANT IS SEEKING RELIEF ON AN EMERGENCY BASIS, AND THEREFORE THE HEARING ON MOVANT'S EMERGENCY MOTION WILL BE SET AFTER JUDICIAL REVIEW OF MOVANT'S MOTION. IF THE COURT GRANTS RELIEF TO HEAR THIS MOTION ON AN EMERGENCY BASIS, MOVANT WILL SERVE NOTICE OF THE HEARING DATE PURSUANT TO THE COURT'S ORDER AND/OR LOCAL RULES.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

NOW COMES Informage SQN Technologies, LLC, as successor-in-interest to Informage Technologies (USA) Inc. (hereinafter "Movant"), and files this its Emergency Motion for Order Pursuant to 11 U.S.C. §§ 105, 364, 1107, 1108, and Bankruptcy Rule 6003 Authorizing Debtor to Pay Post Petition Obligations to Vendor Informage SQN Technologies, LLC Pursuant to Services Provided Under Outsourcing Agreement (the "Motion") related to the executory Outsourcing Agreement signed by GTL (USA) Inc. and Informage Technologies (USA) Inc., as Service Provider, on or about June 24, 2013 (the "Agreement"), and in support thereof would respectfully show the Court the following:

## I.
## JURISDICTION

1. This Court has jurisdiction over this proceeding pursuant to 11 U.S.C. §§105, 364, 1107, 1108, and Bankruptcy Rule 6003.

2. Debtor remains in possession of its estate and is operating and managing its business as a debtor-in-possession, pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

## II.
## FACTUAL BACKGROUND

3. On or about February 9, 2015, (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of the United States Code, Sections 101 *et seq*., as amended (the "Bankruptcy Code").

4. On or about June 24, 2013, prior to the Petition Date, the Debtor entered into an executory Outsourcing Agreement (the "Agreement") with Informage Technologies (USA) Inc. ("Informage"). Pursuant to the Agreement, Informage was to provide Debtor with technical mapping services, described and defined in the Agreement as "OUTSOURCED SERVICES." The

term of the contract commenced on July 1, 2013, and was scheduled to terminate on June 30, 2015. For consideration of the services provided, Debtor was required to pay an agreed fee of twelve percent (12%) over the cost of the services incurred. A true and correct copy of the Agreement is attached hereto as Exhibit "A."

5. Informage subsequently entered into an Assignment and Assumption Agreement dated November 27, 2013 (the "Assignment"), wherein Informage, as Assignor, irrevocably assigned to Informage SQN Technologies, LLC, as Assignee, all of Informage's duties, rights, obligations and interest in, under and to the Agreement. Per the Assignment, Movant is deemed to be a party to the Agreement. A true and correct copy of the Assignment is attached hereto and incorporated herein as Exhibit "B."

6. Therefore, Movant, as successor-in-interest to Informage, is currently providing mapping services to Debtor's two largest customers per the terms of the Agreement. Debtor is currently past due for service provided under the Agreement in the amount of $2,422,127.00, which includes indebtedness for services reflected on the invoice dated days prior to the Petition Date on February 6, 2015, in the amount of $289,528.00. True and correct copies of the unpaid invoices reflecting the indebtedness owed to Movant are attached hereto as Exhibit "C." Thus, the total amount of pre-petition arrears is $2,422,127.00, excluding post-petition payments, which have not been made by Debtor. Debtor has scheduled the debt due and owing to Movant (referenced as Informage SQN Technologies, LLC) in the amount of $2,132,599.00 in Debtor's List of Creditors Holding 20 Largest Unsecured Claims [Doc. # 3]. The scheduled amount of $2,132,599.00 neglects the February invoice of $289,528.00.

7. Due to the significant arrears owed by Debtor to Movant, the parties entered into arms-length negotiations subsequent to the Petition Date to determine how Debtor may satisfy post-

petition obligations owed to Movant for services provided. A formal arrangement and agreement for payment of post-petition services rendered by Movant is necessary because:

- Movant's sole source of revenue comes from payments made by Debtor, as Debtor is Movant's sole customer.

- Movant uses the incoming revenue to maintain operating expenses and payroll, and without the immediate assumption of the Agreement, Movant will no longer be able to continue business because Movant cannot cashflow its expenses without payment of 90 days of arrears in the normal course of business.

- Without payment of invoices as they become due in the normal course of business, Movant has no alternative means to finance its operations or pay its employees.

8. Therefore, it is critical that Debtor be authorized by this Court to make payments to Movant for post-petition obligations arising under the Agreement immediately and as such obligations become due to Movant. Otherwise, Movant will no longer be able to provide any services to Debtor as it cannot incur the costs necessary to continue operating. Debtor's services are important to Debtor's operation of its business, and absent such services, there will be a risk of harm or loss of economic advantage to the Debtor's estate that is disproportionate to Movant's prepetition claim. There is no other practical or legal alternative by which Debtor can cause Movant to continue providing services other than prompt relief authorizing post-petition payments due under the Agreement as they become due.

9. Pursuant to the arms-length negotiations between representatives of Debtor and Movant, the parties have discussed an arms-length agreement concerning treatment of Debtor's post-petition obligations to Movant arising under the Agreement, which shall be treated as follows. Debtor shall pay to Movant an advance for the subsequent two week billing period in which

services are provided by Movant, with such payment advance to be a good faith estimate of the obligations and services to be provided by Movant during that two week period. At the conclusion of the two-week billing period, to the extent the estimated payment advance was less than what was actually invoiced by Movant, Debtor shall pay to Movant the difference. However, to the extent the estimated payment advance was more than what was actually invoiced by Movant, Movant shall refund any such overage to Debtor. Concurrently, at the end of the two-week billing period, Debtor shall make another payment advance to Movant for the subsequent two-week billing period for the estimated obligations and services to be provided by Movant.

### III.
### APPLICABLE AUTHORITY SUPPORTING MOTION FOR ORDER AUTHORIZING POST-PETITION PAYMENTS BY DEBTOR TO MOVANT

10. The continuation of Movant's mapping services provided to Debtor under the Agreement is necessary and essential to the Debtor's operation of its business during this Chapter 11 Case. Because such services provided by Movant are important and integral to Debtor's business operations, the Debtor's inability and/or lack of authorization to pay Movant as indebtedness becomes due under the Agreement would be disastrous and could doom Debtor's prospects for a successful reorganization to the detriment of all stakeholders.

11. Bankruptcy Code section 105(a) and the judicially created "necessity of payment doctrine," support the proposed payments of obligations owed by Debtor to Movant arising post-petition as set forth herein. Under the "necessity of payment doctrine," and Bankruptcy Code § 105(a), courts have consistently permitted immediate payment where necessary to preserve or enhance the value of a debtor's estate for the benefit of all creditors. *See, e.g., Miltenberger v. Logansport Ry. Co.,* 106 U.S. 286, 309 (1882). The modern application of the doctrine of necessity is largely unchanged from the Court's reasoning in *Miltenberger. See In re Lehigh & new Eng. Ry.*

*Co.*, 657 F.2d 570, 581-82 (3rd Cir. 1981) ("[I]n order to justify payment under the 'necessity of payment' rule, a real and immediate threat must exist that failure to pay will place the continued operation of the [debtor] in serious jeopardy."); *see also In re Just for Feet, Inc.*, 242 B.R. 821, 825 (Bankr. D. Del. 1999) ("The Supreme Court, the Third Circuit and the District of Delaware all recognize the court's power to authorize payment of pre-petition claims when such payment is necessary for the debtor's revival during chapter 11"). Although Movant is not requesting immediate relief regarding payment of pre-petition arrears, the fact that significant pre-petition arrears have accrued is a significant factor as to why expedited relief of this Motion is necessary as Movant cannot continue to cashflow its operations without such immediate relief. Further, Debtor agrees that the use of estate funds for the payment of any post-petition obligations arising under the Agreement owed to Movant are a necessary cost of preserving its estate, and is permitted under Bankruptcy Code sections 1107 and 1108, which require the Debtor to honor its fiduciary duties as a debtor in possession.

## IV.
## RELIEF REQUESTED

12. Based on the unique facts and circumstances of this case, this Motion is sought on an emergency basis so that Debtor may make advance payments per the agreement of the parties as set forth herein to Movant arising from post-petition obligations under the Agreement for services provided by Movant to Debtor. By this Motion, both Debtor and Movant request entry of an order authorizing Debtor to (i) make advance payments to Movant for post-petition services arising under the Agreement on a two-week billing cycle as set forth herein; and (ii) continue to honor its financial obligations to Movant for post-petition services provided. Movant further requests that the Court authorize all banks to receive, process, honor and pay any and all checks, drafts,

electronic transfers and other forms of payment used by the Debtor to pay for post-petition services arising under the Agreement.

13. Otherwise, as more fully explained above, if the requested relief is denied, Movant will not be able to cashflow its operating expenses. Additionally, without payment of invoices as they become due in the normal course of business, Movant has no alternative means to finance its operations or pay its employees. Therefore, absent relief from the Court authorizing such payments, Movant will no longer be able to provide any services to Debtor as it cannot incur the costs necessary to continue operating. Debtor's services are important and integral to Debtor's operation of its business, and there will be a risk of harm or loss of economic advantage to the Debtor's estate that is disproportionate to Movant's prepetition claim if the requested relief is denied or delayed.

14. Moreover, the relief as requested herein would have no foreseeable negative consequences, as it would enable the Debtor to receive crucial mapping services utilized by its two largest customers more quickly and less expensively than by any other means. Conversely, denying the requested relief can have only negative consequences, as it would cause the Debtor to incur duplicative and wasteful administrative expenses in finding a replacement vendor and bringing that firm up to speed on the technical aspects of the mapping services currently provided by Movant.

15. For all of the foregoing reasons, Movant seeks the continuation of payments by Debtor due and owing under the Agreement per the arms-length negotiations of the parties as set forth herein, in addition to a plan to cure prepetition arrears within a reasonable timeframe, as Movant's sole source of revenue is the payment stream from Debtor.

WHEREFORE PREMISES CONSIDERED, Movant respectfully prays that this Court enter an order substantially in the form of the proposed order accompanying this Motion and grant to Movant such other and further relief to which it shows itself justly entitled.

**Respectfully submitted,**

PADFIELD & STOUT, L.L.P.
421 W. Third Street, Suite 910
Fort Worth, Texas 76102
817-338-1616  phone
817-338-1610  fax
abp@livepad.com


/s/ Mark W. Stout
Mark W. Stout
State Bar I.D. #24008096
ms@livepad.com
Christopher V. Arisco
State Bar I.D. #24064830
carisco@livepad.com

*Attorneys for Movant*


**CERTIFICATE OF CONFERENCE**

I certify that on March 27, 2015, counsel for Movant had a phone conference with counsel for Debtor.  Pursuant to the phone conference, and after an exchange of e-mails in which a draft of this Motion was provided to counsel for Debtor for review.  Although counsel for Debtor provided feedback to counsel for Movant, no agreement was reached with respect to the relief sought in this motion, although it is anticipated by counsel for Movant that the minor issues preventing an agreement will be resolved and this Certificate will be revised, when and if, an agreement is reached.

/s/ Mark W. Stout
Mark W. Stout

## **CERTIFICATE OF SERVICE**

The undersigned converted the foregoing document into an electronic image, via portable document format (.pdf), electronically submitted same to the Internet web portal for the Clerk of this Court utilizing the Electronic Management and Electronic Case Filing system of the Court, which has caused service, via Simple Mail Transfer Protocol (e-mail), of a Notice of Electronic Filing of this imaged document to the below-identified parties on Friday, March 27, 2015; said e-mail provides an attributable hyperlink to the document, in portable document format, except for Debtor(s), and any other entity so identified below or on the EM/ECF filing sheet, whereas in that instance such document was mailed via First Class United States Mail, to-wit:

| | |
|---|---|
| GTL (USA), Inc.<br>5200 Tennyson Parkway, Suite 200<br>Plano, Texas 75024<br><br>*Debtor* | Richard G. Grant<br>100 Crescent Court, Suite 700<br>Dallas, Texas 76034<br><br>*Attorney for Debtor* |
| U.S. Trustee<br>110 N. College Ave., Suite 300<br>Tyler, Texas 75702 | AutoOpt Networks, Inc.<br>280 San Moreno Place, Suite 108<br>Fremont, CA 94539 |
| Ascom Network Testing, Inc.<br>1943 Isaac Newton Square<br>Reston, VA 20190 | Global Proserve Limited Electronic Sadan 2<br>MIDC TTC Indusstrial Area<br>Mahape, Navi Mumbai 400 710 |
| Premium Assignment Corporation<br>PO Box 8000<br>Tallahassee, FL 32314-8000 | TRS RenTelco<br>1830 West Airfield Drive<br>PO Box 613260<br>Dallas, Texas 75261-9260 |
| BeetaTek, Inc.<br>1333 Corporate Dr., Suite 105<br>Irving, Texas 75038 | Hertz Corporation<br>Commercial Billing<br>Department 1124<br>PO Box 121124<br>Dallas, Texas 75312-1124 |
| American Express<br>PO Box 360001<br>Fort Lauderdale, FL 33336 | Microlease<br>3486 Investment Blvd.<br>Hayward, CA 94545 |
| Software Quality Leaders, Inc.<br>12000 Ford Road, Suite A411<br>Dallas, Texas 75234 | ESA P Portfolio, LLC<br>Extended Stay America<br>11525 N. Community House<br>Road Suite 100<br>Charlotte, NC 28277-3610 |
| Avis Rentals<br>7876 Collection Center Drive<br>Chicago, IL 60693 | Origin to Future, Inc.<br>181 New Road, Suite 221<br>Parsippany, NJ 07054 |
| Texas Workforce Commission<br>101 East 15th Street<br>Austin, Texas 78778 | Universal Premium<br>PO Box 923928<br>Norcross, GA 30010 |
| | |

| | |
|---|---|
| VAR Resources<br>Leasing Customer Service<br>MAC N000500055<br>800 Walnut Street<br>Des Moines, IA 50309-3605 | TW Telecom<br>PO Box 172567<br>Denver, CO 80217-2567 |
| All Stars Transportation<br>A S Transportation, Inc.<br>12415 Coral Drive<br>Frisco, Texas 75034 | Official Committee of Unsecured Creditors<br>**Attn: Jason B. Binford**<br>3700 Thanksgiving Tower<br>1601 Elm Street<br>Dallas, Texas 75201 |
| Michelle E. Shriro, Esq.<br>16200 Addison Road, Suite 140<br>Addison, Texas 75001 | Jason Starks<br>c/o Sherri K. Simpson, Paralegal<br>Attorney General's Office<br>Bankruptcy & Collections Division<br>PO BOX 12548<br>Austin, Texas 78711-2548 |

/s/ Mark W. Stout
Mark W. Stout