UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

In re:                              §
                                    §          Case No. 15-40248-11
GTL (USA), INC.,                    §                Chapter 11
                                    §
          Debtor.                   §

## AGREED PROTECTIVE ORDER AMONG THE DEBTOR; AUTOOPT NETWORKS, INC.; KUNAL KAPAI; AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

Pursuant to Bankruptcy Rule 2004, 7026, 9014 and FRCP 26(c), (i) GTL (USA), Inc., as debtor and debtor in possession (the "Debtor"); (ii) AutoOpt Networks, Inc. ("Claimant"); (iii) Kunal Kapai ("Kapai"); and (iv) the Official Committee of Unsecured Creditors of GTL (USA), Inc. (the "Creditors' Committee") (collectively the "Parties" or individually a "Party") by and through undersigned counsel, stipulate,[1] pursuant to Federal Rule of Civil Procedure 26(c), to the following Protective Order in the Chapter 11 bankruptcy case of the Debtor (the "Bankruptcy Case"), and request that the Court enter this Protective Order.  The Parties agree that this Protective Order shall govern all discovery relating to: (a) the contested matter initiated by the Debtor's Emergency Motion for Authority to Obtain Credit Secured by Cash Deposits Under 11 U.S.C § 364(C)(2) (the "Financing Motion"), (b) any discovery in the Bankruptcy Case pursuant to Bankruptcy Rule 2004 involving any of the Parties; and (c) all other discovery in the Bankruptcy Case captioned above by any Party and any adversary proceeding therein to which the Creditors' Committee or the Claimant is a party.  Accordingly the Court hereby orders as follows:

---

[1] This order was agreed to by announcement in open court at a hearing held March 30, 2015 by counsel for the Debtor, the Committee and Claimant and such parties are bound hereby.  Kapai did not object to the relief requested and is bound pursuant to this Order of the Court.

1.    **Introduction and Scope**

This Protective Order shall govern documents and information exchanged among the Parties and communications regarding GTL during this Bankruptcy Case and in any contested matter and adversary proceeding involving two or more of the Parties, including, but not limited to, documents produced by the Parties or non-parties, deposition testimony, testimony taken at a hearing or other proceeding, interrogatory answers, responses to requests for admission, and correspondence between counsel (collectively, "Discovery Material").  Discovery Material and other information designated as "CONFIDENTIAL", "COMMITTEE EYES ONLY" or "ATTORNEYS EYES ONLY" shall constitute "Protected Information."

2.    **Designation of Certain Discovery Material as "CONFIDENTIAL"**
       **(Discovery Material to be shared only among Authorized Personnel)**

(a)    Discovery Material may be designated "CONFIDENTIAL" if such Discovery Material contains non-public, sensitive or confidential information.  Such Discovery Material shall be so identified at the time of service of such Discovery Material by including on each page the legend "CONFIDENTIAL." Any document, material, or information designated by a Party as "CONFIDENTIAL" must be reviewed by an attorney.  The designation of any document, material, or information as "CONFIDENTIAL," in the manner described above, shall constitute a certification by the attorney reviewing the material and making such designation that he or she in good faith believes the material is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c)(1)(G).

(b)    Counsel for the Debtor shall make its best efforts to ensure that, to the extent Discovery Material merely supports information related to the Debtor's assets and finances previously made public by the Debtor in Bankruptcy Case filings including, without limitation, the Debtor's Schedules, Statement of Financial Affairs, or Monthly Operating Reports, the Debtor will not designate such material as "CONFIDENTIAL."  Examples of Confidential Discovery Material is information that is advantageous to competitors of the Debtor and has not been otherwise been made public by the Debtor.

(c)    Confidential Discovery Material shall include all Committee Eyes Only and Attorney Eyes Only Discovery Material and information.

3.    **Designation of Certain Discovery Material as "COMMITTEE EYES ONLY"**
       **(Discovery Material restricted to "view only" by Authorized Personnel)**

(a)    A Party may designate Discovery Material as "COMMITTEE EYES ONLY" if such Discovery Material contains particularly sensitive confidential information that the producing Party believes in good faith cannot be disclosed without threat of competitive injury, because such Discovery Material contains proprietary or commercially sensitive information. Such Discovery Material shall be so identified at the time of service of such Discovery Material by including on each page the legend "COMMITTEE EYES ONLY."  Any document, material, or information designated by a Party as "COMMITTEE EYES ONLY" must be maintained solely at the offices of counsel for the Committee and shall not be distributed by any means to Committee members or their representatives.  Committee members may inspect the

COMMITTEE EYES only Discovery Materials at the offices of counsel for the Committee, but no reproductions may be removed nor notes taken by Committee members while in the presence of the COMMITTEE EYES ONLY Discovery Materials.

(b)    The designation of any document, material, or information as "COMMITTEE EYES ONLY," in the manner described above, shall constitute a certification by the attorney reviewing the material and making such designation that he or she in good faith believes the material deserves this heightened level of protection under Fed. R. Civ. P. 26(c)(1)(G) and shall be used sparingly.   Examples of "Committee Eyes Only" include Confidential Discovery Material that are relevant to the prosecution of Committee Member's duties, but of which copies are not required for retention by Committee Members to effectuate their duties.

(c)    Without further order of the Court, the Parties hereto are authorized to enter into other and further agreements on mutually agreed terms providing that Committee members serving on specifically-identified Committee subcommittees may receive copies of certain COMMITTEE EYES ONLY Discovery Materials and take notes relating to same.  In such instance, Committee members serving on an identified and agreed-upon Committee subcommittee shall not share copies of the COMMITTEE EYES ONLY Discovery Materials or related notes with other Committee Members or Authorized Persons.  Nevertheless, at all times, subcommittee Committee members shall be permitted to discuss the content of COMMITTEE EYES ONLY Discovery Materials with Committee members and Authorized Personnel, to the extent that such discussions are necessary for the Committee to fulfill its fiduciary obligations in the Bankruptcy Case.

(d)    Committee Eyes Only Discovery Material shall include all Attorney Eyes Only Discovery Material and information.

**4.    Designation of Certain Discovery Material as "ATTORNEY EYES ONLY" (Discovery Material to be reviewed only by Counsel)**

(a)    A Party may designate Discovery Material as "ATTORNEY EYES ONLY" if such Discovery Material contains a heightened sensitive confidential information that the producing Party believes in good faith cannot be disclosed without threat of competitive injury, because such Discovery Material contains proprietary or commercially sensitive information. Such Discovery Material shall be so identified at the time of service of such Discovery Material by including on each page the legend "ATTORNEY EYES ONLY."  Any document, material, or information designated by a Party as "ATTORNEY EYES ONLY" must be maintained solely at the offices of counsel for the Committee and shall not be distributed by any means or viewed by any person other than Committee counsel.

(b)    The designation of any document, material, or information as "ATTORNEY EYES ONLY," in the manner described above, shall constitute a certification by the attorney reviewing the material and making such designation that he or she in good faith believes the material deserves this heightened level of protection under Fed. R. Civ. P. 26(c)(1)(G) and shall be used sparingly.  Examples of "Attorneys Eyes Only" include Confidential Discovery Material and information that is not legally relevant to prosecution of a Committee Member's duties and would be advantageous to a competitor of the Debtor.

(c)      Without further order of the Court, the Parties hereto are authorized to enter into other and further agreements on mutually agreed terms providing that Committee members serving on specifically-identified Committee subcommittees may receive copies of certain ATTORNEY EYES ONLY Discovery Materials and take notes relating to same.  In such instance, Committee members serving on an identified and agreed-upon Committee subcommittee shall not share copies of the ATTORNEY EYES ONLY Discovery Materials or related notes with other Committee Members or Authorized Persons.

### 5.      Limitations on Access to Protected Material

(a)      Subject to Paragraphs 6 and 7 of this Protective Order, "CONFIDENTIAL" Discovery Material shall not, without prior written consent of the producing Party: (a) be disclosed to anyone other than the Court, its officers and its clerical staff and the Authorized Personnel specified in Paragraphs 6 and 7 hereof; (b) be used by anyone other than the producing Party for any purpose whatsoever other than in contested matters and adversary proceedings in this Bankruptcy Case; (c) be discussed by Claimant or its representatives with any party other than (i) counsel for the Committee or Claimant; (ii) the Debtor, its management and counsel; and (iii) other Committee Members.

(b)      "ATTORNEYS EYES ONLY" Discovery Material shall not, without prior written consent of the producing Party or order of the Court: (a) be disclosed to anyone other than the Court, its officers and its clerical staff; (b) be used by anyone other than the producing Party for any purpose whatsoever other than in contested matters and adversary proceedings in this Bankruptcy Case; (c) be discussed by Committee Counsel with anyone other than the Debtor, its management and counsel; and (iii) the Court, officers and clerical staff.

(c)       Nothing herein shall reduce any confidentiality obligations to which the Parties may be otherwise subject pursuant to agreements or obligations independent of this Bankruptcy Case, nor shall anything herein constitute an agreement that such obligations will relieve any Party of the obligation to produce Discovery Material.

### 6.      Limitations on Access to "CONFIDENTIAL" Discovery Material

Access to and disclosure of "CONFIDENTIAL" Discovery Material marked and identified in accordance with this Protective Order shall be limited to the Court, its officers and its clerical staff and to the Authorized Personnel.  Authorized Personnel are:

(a)      Counsel of record for the Parties to this Bankruptcy Case and outside counsel not of record that become signatories to this Protective Order, including paralegal, secretarial, and clerical personnel reasonably necessary to assist such counsel;

(b)      In-house counsel for the Parties with responsibility for the oversight of this Bankruptcy Case;

(c)      Employees of the Parties or any other individual with responsibility for the oversight of this Bankruptcy Case;

(d)      Technical experts and consultants and their staff who are retained by a Party or attorney to assist in this Bankruptcy Case, but only to the extent reasonably necessary to perform such work.  A Party desiring to disclose "CONFIDENTIAL" (or "COMMITTEE EYES ONLY") Discovery Material to experts or consultants shall first obtain from each expert or consultant an Acknowledgement in the form provided in Exhibit A, and the attorney for the Party shall keep the executed Acknowledgement for a one year period following the final termination of this Civil Action.  The disclosing attorney must have a good faith belief that disclosure of such documents to the expert of consultant is necessary for the expert or consultant's review of the issues in this Civil Action.

(e)      Employees of outside vendors providing copy services and exhibit preparation services in connection with this Bankruptcy Case provided that each vendor execute an Acknowledgement in the form provided in Exhibit A;

(f)      Stenographic reporters and videographers engaged for depositions or proceedings necessary to this Bankruptcy Case;

(g)      Any person: (i) who is identified as an author or recipient, including receipt by copy, of any document or information therein and is not otherwise shown prior to such disclosure not to have received the document or information therein or (ii) who has been identified in writing by the designating Party as having been provided with the document or information therein. Such person shall be considered "Authorized Personnel" solely with respect to the specific document or information therein;

(h)      Third-party mediators selected by the Parties;

(i)      Such other persons as hereafter may be designated by written stipulation of the Parties filed with the Clerk of the Court or by further Order of the Court.

**7.      Limitation on Access to "COMMITTEE EYES ONLY" Discovery Material**

(a)      Access to and disclosure of "COMMITTEE EYES ONLY" marked and identified in accordance with this Protective Order shall be limited solely to the Court, its officers and its clerical staff and as set forth in paragraph 3 of this Protective Order.

(b)      Access to and disclosure of and "ATTORNEYS EYES ONLY" marked and identified in accordance with this Protective Order shall be limited solely to the Court, its officers and its clerical staff.

**8.      Designation of Deposition or Other Testimony**

Deposition and other testimony may also be designated as set forth herein.  During the course of a deposition or other testimony which involves Discovery Material, counsel for a Party or witness producing such information may designate on the record the portion(s) of the deposition or other testimony which counsel believes may contain Protected Information.  If such designation is made, those portions of the deposition or other testimony involving such Protected Information will be taken with no one present, except counsel for the Parties.  For ten (10) business days after the official transcript is delivered to all counsel, a Party may designate in writing other or new

portions containing Protected Information. During this ten-day period, if any part of the testimony is designated on the record or in writing as Protected Information, the entire deposition or other testimony will be deemed to contain Protected Information. A Party objecting to any such designation of deposition or other testimony as Protected Information shall follow the procedure as set forth in paragraph 13 below.

### 9.      Party's Own Information

The restrictions on the use of Discovery Material established by this Protective Order are applicable only to Discovery Material received by a Party from another Party or from a non-party as a direct result of this Bankruptcy Case or any litigation between or among two or more of the Parties. A Party is obviously free to do whatever it desires with the Discovery Material it produces.

### 10.      Related Material

(a)      The restrictions on the use of Discovery Material established by this Protective Order shall extend to: (i) all copies, extracts and complete or partial summaries prepared from such Discovery Material; and (ii) portions of briefs, memoranda or any other writing filed with the Court and exhibits thereto that contain or reflect the content of any such Discovery Material, copies, extracts, or summaries, provided that such writings are identified as containing Protected Information as provided for by Paragraph 11 hereto and are marked as required herein on at least the first page of the writing.

(b)      Notwithstanding the foregoing, nothing in this Protective Order shall prohibit or otherwise limit counsel for the Committee from discussing the content of "CONFIDENTIAL" or "COMMITTEE EYES ONLY" Discovery Material with Committee members and Authorized Personnel, to the extent that such discussions are necessary for the Committee to fulfill its fiduciary obligations in the Bankruptcy Case. Moreover, in the course of representing the Committee, Committee counsel shall be entitled to share with Committee members draft pleadings, motions, briefs, or other attorney work product based on "CONFIDENTIAL" or "COMMITTEE EYES ONLY" Discovery Material, without further order of the Court.

### 11.      Procedures for Filing Designated Material

Any Party wishing to include, disclose, or attach any Protected Information as part of or with any pleading, motion, brief or other paper filed with the Clerk of this Court, shall move to have the material filed under seal in accordance with the Court's applicable rules, including but not limited to Local Bankruptcy Rule 9018 and Appendix 5005 of the United States Bankruptcy Court for the Eastern District of Texas. Copies of the papers filed under seal shall be timely served on counsel for the Parties. Should the need arise during any pre-trial proceedings before the Court, a Party may cause Protected Information to be disclosed only after appropriate *in camera* inspection or other appropriate safeguards are requested of the Court.

## 12.    Other Protections Regarding Communication

(a)    *Claimant Restrictions*.  Unless otherwise ordered by the Court and notwithstanding anything herein to the contrary, Claimant and its representatives and counsel (other than counsel of record in this Bankruptcy Case) shall be specifically prohibited from communicating directly (or indirectly through one or more nonrestrained persons) with Customers (as defined), Employees or Vendors regarding the Debtor.  Notwithstanding the preceding sentence, Claimant shall not be prohibited from communicating in any manner with (i) Claimant's counsel, (ii) Committee Members; (iii) counsel for the Committee, (iv) Debtor's counsel; (v) Debtor's officers and directors, or officers and directors of Debtor's affiliates; (vi) the Bankruptcy Court and its representatives. Claimant shall immediately notify its counsel, employees and representatives of this restriction.

(b)    *Kapai Restrictions*. Unless otherwise ordered by the Court and notwithstanding anything herein to the contrary, Kapai and his representatives and counsel (other than counsel of record in this Bankruptcy Case) shall be specifically prohibited from communicating directly (or indirectly through one or more nonrestrained persons) with any person regarding the Debtor other than (i) Kapai's counsel, (ii) counsel for the Committee, (iii) Debtor's counsel; (iv) Howard Marc Spector, as counsel for Claimant; and (v) Debtor's officers and directors; (vii) the Bankruptcy Court and its representatives. Kapai shall immediately notify his counsel, employees and representatives of this restriction.

(c)    *Committee Member*s.  In addition to and without limiting the foregoing, Committee Members (other than Claimant, whose restrictions are as set forth in Paragraphs 12(a) and (d) hereof) shall communicate with parties other than Authorized Personnel regarding GTL only to the extent reasonably necessary to fulfil their fiduciary duties to the Committee and creditors of the Debtor or to prosecute their claims, if any, in this Bankruptcy Case.

(d)    *Definitions*. "Customer" shall mean AT&T, Nokia, Ericsson, ALU, Huawei, American Towers, Crown Castle, Agile-1, Verizon, Sprint, US Cellular, T-Mobile, Videotron, Rogers and Bell.  Employees shall mean any person employed by the Debtor or Insperity and any non-officer employee of Informage.  "Vendors" shall mean TRS Rentelco, Electrorent, SQL, Insperity, Ascom, Hertz, AVIS, WEX, Citibank, Capital One and Wells Fargo. Nothwithstanding the foregoing, Claimant may move to amend this list of Customers with respect to Claimant after notice and hearing.

(e)    *Nondisparagement*. The Debtor and its representatives agree to not disparage (indirectly or through one or more nonrestrained persons) Claimant to the Customers.  The Debtor shall immediately notify its counsel, employees and representatives of this restriction.

## 13.    Use of Discovery Material at Hearing or Trial

At any hearing or trial relating to this proceeding, subject to the rules of evidence and any Order of the Court, a Party may use any "CONFIDENTIAL" or "COMMITTEE EYES ONLY" Discovery Material for any purpose. In the event that any "CONFIDENTIAL" or "COMMITTEE EYES ONLY" Discovery Material is used in any court proceeding in connection with this Bankruptcy Case, it shall not lose its status as "CONFIDENTIAL" or "COMMITTEE EYES

ONLY" Discovery Material through such use, provided that the Parties to this Bankruptcy Case take steps reasonably calculated to protect its confidentiality during such use. The Parties may request that attendance at those portions of the hearing or trial or access to the transcripts of those hearings or the trial in which "CONFIDENTIAL" or "COMMITTEE EYES' ONLY" Discovery Material is disclosed be restricted to court personnel and persons authorized to receive disclosure by this Protective Order.

### 14.    Challenge to Designation

In the event that the Party receiving "CONFIDENTIAL" or "COMMITTEE EYES ONLY" Discovery Material disagrees with the designation by the producing or designating party, then the Parties initially will try to resolve the dispute on an informal basis, within five (5) business days from the date that the receiving Party raises the objection to the designation (or a mutually agreed upon longer period) in writing. Any such disputed items shall be treated as Protected Information, as designated, and subject to the protections of this Protective Order unless and until the Parties reach an agreement or the Court determines otherwise. If the Parties are unable to resolve their differences, then the objecting Party may file a motion requesting disclosure within ten (10) business days after the informal period has concluded (or a longer time period agreed upon by the Parties). In connection with a motion filed under this provision, the Party designating the information as Protected Information shall bear the burden of establishing that good causes exists for the disputed information to be so treated. Neither Party shall be obligated to challenge the propriety of a Protected Information designation, and failure to do so shall not constitute an admission that any Discovery Material is in fact Protected Information. Discovery Material marked and identified in accordance with this Protective Order shall remain subject to the terms of this Protective Order unless otherwise agreed by the producing Party or ordered by the Court.

### 15.    Other Protections

(a)    This Protective Order shall not preclude any Party from seeking additional protection with respect to the confidentiality of Discovery Material as that Party deems appropriate. Nor shall any Party be precluded from seeking an order from the Court permitting the disclosure or use of certain Discovery Materials otherwise prohibited by this Protective Order;

(b)    Nothing herein shall prevent the Parties from mutually agreeing in writing to the use or disclosure of Protected Information other than as permitted by this Protective Order;

(c)    If the Court orders that access to or dissemination of any type of Discovery Material shall be had by or made to persons other those identified herein, such matters shall only be accessible to, or disseminated to, such persons based upon the conditions pertaining to, and the obligations arising from, this Protective Order, and such persons shall sign an Acknowledgment as provided for in Exhibit A of this Protective Order, and in all other respects shall be considered subject to it; and

(d)    If it becomes necessary for counsel for a Party receiving Protected Information to seek the assistance of any person other than those specified herein, the following procedures shall be employed:

(1)     Counsel for the receiving Party shall notify, in writing, counsel for the producing Party of the desire to disclose such Protected Information and shall identify the person(s) to whom counsel intends to make such disclosure;

(2)     If no objection to such disclosure is made by counsel for the producing Party within five (5) business days of such notification, counsel for the receiving Party shall be free to make such disclosure to the designated person(s); provided, however, that counsel for the receiving Party shall serve upon opposing counsel, prior to disclosure, an Acknowledgment in the form set forth in Exhibit A whereby such persons agree to comply with and be bound by this Protective Order;

(3)     If the producing Party objects to such disclosure, no disclosure shall be made at that time.  However, any Party may bring before the Court the question of whether the particular Protected Information can be disclosed to the designated person(s) and the Party making the designation shall have the burden of establishing before the Court the necessity for such designation.

## 16.     Inadvertent Disclosure

(a)     If, through inadvertence, a producing Party provides any Protected Information in this Bankruptcy Case without appropriately marking the information as Protected Information as set forth herein, the producing Party may subsequently inform the receiving Party in writing of Protected Information nature of the disclosed information, and the receiving Party shall treat the disclosed information in accordance with this Protective Order after receipt of such written notice and make reasonable efforts to retrieve any such material that has been disclosed to persons not authorized to receive the material under the terms hereof.  A Party objecting to any such Protected Information designation shall follow the procedures set forth in Paragraph 13 above. Prior disclosure of material later designated as Protected Information shall not constitute a violation of this Protective Order.

(b)     If Protected Information is disclosed to any person other than in the manner authorized by this Protective Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the producing Party and, if appropriate, to the Court and, without prejudice to other rights and remedies of any Party, take reasonable and appropriate measures to prevent further disclosure by it or by the person who was the recipient of such information.

(c)     If a disclosing Party through inadvertence produces or provides Discovery Material that it believes is subject to a claim of attorney-client privilege, work product immunity, or any other privilege, the disclosing Party may give written notice to the receiving Party that the Discovery Material is deemed privileged and that return of the Discovery Material is requested. Upon such written notice, the receiving Party shall immediately gather the original and all copies of the Discovery Material of which the receiving Party is aware and shall immediately return the original and all such copies to the disclosing Party.  Return of such Discovery Material by the receiving Party shall not preclude the receiving Party from later moving the Court to compel production of the returned Discovery Material.

### 17.    Materials Not "CONFIDENTIAL" or "COMMITTEE EYES ONLY"

Notwithstanding the designation and protection of any materials as Protected Information, such Discovery Material shall not be deemed confidential and shall not be subject to this Protective Order, if the content and/or substance thereof:

(a)    is, at the time of disclosure, in the public domain by publication or otherwise and is not otherwise protected from disclosure as a result;

(b)    becomes at any time, through no act or failure to act on the Party of the recipient Party, part of the public domain by publication or otherwise;

(c)    is already in the possession of a Party at the time of disclosure by the other Party and was acquired other than directly or indirectly from the disclosing Party under conditions requiring the confidential treatment of the material; or

(d)    is made available to a Party by a third-party who obtained the same by legal means and without any obligation of confidence to the Party claiming its confidential nature.

### 18.    Return of Discovery Material

After this Bankruptcy Case is completed, including the exhaustion of all appeals, each Party, unless otherwise agreed in writing by counsel for the Parties, shall have thirty (30) calendar days to notify the other Party in writing whether it wants (1) the return of its produced materials designated as Protected Information including all copies, extracts, and summaries thereof; or (2) the destruction of these materials by the Party, person, or firm in possession. Any documents, copies, extracts or summaries that constitute attorney work product may be retained by counsel or destroyed. The return or destruction of these materials shall occur within thirty (30) days after this written notice is received. The Party returning or destroying materials under this paragraph shall provide a written certificate to the producing Party attesting to the return or destruction of all designated materials.

### 19.    Waiver or Termination

The provisions of this Protective Order may not be modified, waived or terminated except by the written stipulation of counsel for the Parties or order of the Court. This Protective Order shall survive the final termination of this Bankruptcy Case and any related adversary proceedings involving any of the Parties with respect to any retained Protected Information. Termination of the proceedings shall not relieve any person from the obligations of this Protective Order, unless the Court orders otherwise. The Court shall retain jurisdiction to enforce the Protective Order despite the termination of this Bankruptcy Case.

### 20.    Notice

All notices required by this Protective Order are to be served via the electronic mail to all of the electronic mail addresses provided by the Party and its counsel to the Court's Electronic Case filing system. The date by which a Party to this Bankruptcy Case receiving the notice shall respond, or otherwise take action, shall be computed from the date indicating that the electronic

mail was transmitted. Any of the notice requirements herein may be waived in whole or in part, but only in writing signed by an attorney for the Party designating Discovery Material under this Protective Order.

**21.    Other Proceedings**

By entering this Protective Order and limiting the disclosure of information in this Bankruptcy Case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or Party subject to this Protective Order who receives a written request, subpoena, or court order seeking disclosure of another Party's Protected Information, such person shall promptly (no more than five (5) business days after receipt) notify counsel for the producing Party of the request, subpoena, or court order and shall provide a copy of the same.

Signed on 3/31/2015

*Brenda T. Rhoades*    SR

HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE

*Submitted by:*

Lynnette Warman
Tex. Bar No. 20867940
Richard G. Grant
Tex. Bar No. 08302650
CULHANE MEADOWS, PLLC
The Crescent, Suite 700
100 Crescent Court
Dallas, Texas 75201
Telephone: 214-210-2929
Facsimile: 214-210-2949
Email: rgrant@culhanemeadows.com

PROPOSED ATTORNEYS FOR
DEBTOR IN POSSESSION

## EXHIBIT A

### WRITTEN ACKNOWLEDGEMENT TO ABIDE BY THE TERMS OF THE STIPULATION AND ORDER REGARDING CONFIDENTIALITY

I, _____, do solemnly swear that I have received a copy of the Protective Order Governing Confidentiality that was entered into by the parties in connection with *[CASE NAME]*, Civil Action No. [CASE NUMBER] ([COURT NAME]), and I hereby agree to be bound by its terms and conditions.  I recognize that during my participation in the handling and development of this Bankruptcy Case I may have occasion to read or hear of Discovery Material that is designated "CONFIDENTIAL" or "COMMITTEE EYES ONLY."  I agree to use any such Discovery Material solely in connection with my participation in this Bankruptcy Case and for no other purpose, and state that I am not a business competitor of any of the parties. I hereby submit to the jurisdiction of the [COURT NAME] for the limited purpose of enforcing said Protective Order Governing Confidentiality, and this Acknowledgement, by contempt proceedings or other appropriate judicial remedies.

I am employed by _____ and my title is _____.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____, _____, at _____.