# SUMMARY OF FEES AND EXPENSES INCURRED
# APRIL 2015
# CORPORATE RECOVERY ASSOCIATES, LLC
# BUSINESS AND FINANCIAL ADVISOR TO THE COMMITTEE OF UNSECURED CREDITORS

Month: **April, 2015**
Applicant: Corporate Recovery Associates, LLC
Capacity: Business and Financial Advisor to the Committee of Unsecured Creditors
Amount Requested: $22,902.61

| Type: | Amount Incurred: |
|---|---|
| Fees | $21,257.50 |
| Expenses | $1,645.11 |
| Total: | $22,902.61 |

Cumulative Amounts Paid to Date:

| Type: | Amount Paid: |
|---|---|
| Fees | $17,006.00 |
| Expenses | $1,645.11 |
| Total: | $18,651.11 |

Trust Fund Statement (if applicable):

| Balance on Petition Date:: | $0 | |
|---|---|---|
| (Itemized Deductions/Reimbursements by date): | | |

Hourly Rates:

| Professional: | Hourly Rate | Hours: | Amount |
|---|---|---|---|
| Financial Analysts: | | | |
| Richard Feferman, CIRA | $650 | 86.2 | $56,030.00 |
| Chris Girand, CFA | $150 | 4.7 | $705.00 |
| Less No Bill Travel | $650 | -13.6 | -$8,840.00 |
| Less Courtesy Discount | | | -$1,170.00 |
| Adjustment (CAP) | | | -$25,467.50 |
| Blended Rate/Totals: | $275.00 | 77.3 | $21,257.50 |

Expenses Itemization:

| | |
|---|---|
| Photocopies: | $7.00 |
| Outside Photocopy/Assembly | $ |
| Westlaw/Lexis/Online Research: | $ |
| Facsimile | $ |
| PACER: | $26.40 |
| Airfare: | $1,326.00 |
| Lodging: | $ |
| Car Rental: | $ |
| Misc. | $285.71 |
| TOTAL EXPENSES: | $1,645.11 |

# THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| GTL (USA), INC. | § | CASE NO. 15-40248 |
| | § | |
| Debtor. | § | |
| | § | |

**AMENDED FIRST INTERIM APPLICATION OF CORPORATE RECOVERY ASSOCIATES, LLC FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM <u>APRIL 7, 2015 THROUGH APRIL 30, 2015</u>**

**NO HEARING WILL BE CONDUCTED ON THIS APPLICATION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS APPLICATION SHALL BE DEEMED TO BE UNOPPOSED AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. IF YOU FAIL TO APPEAR AT ANY SCHEDULED HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

Corporate Recovery Associates, LLC ("CRA" or the "Applicant"), financial advisor to the Official Committee of Unsecured Creditors (the "Committee") in the above-numbered and styled bankruptcy proceeding, files this *Amended First Interim Application of Corporate Recovery Associates, LLC for Compensation for Services Rendered and Reimbursement of Expenses as Financial Advisor to the Official Committee of Unsecured Creditors for the Period from April 7, 2015 through April 30, 2015* (the "Application"). By this Application, CRA requests entry of an order granting approval and payment of all interim fees earned and expenses

incurred during the period from April 7, 2015 through April 30, 2015 (the "First Interim Application Period") in connection with CRA acting as financial advisor to the Official Committee of Unsecured Creditors in this Chapter 11 case. In support of the Application, CRA respectfully states as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over the subject matter of this Application pursuant to the provisions of 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

2. This Application encompasses a request for fees pursuant to 11 U.S.C. §§ 330, 331 and 503(b)(2) and Rule 2016 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

**A.    Introduction**

3. On February 9, 2015 (the "Petition Date"), GTL (USA), Inc. (the "Debtor") filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4. The Debtor continues to operate its business as debtor-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108. No trustee or examiner has been appointed.

5. On March 6, 2015, the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") in this case.

**B.    Entry of Administrative Order**

6. On April 17, 2015, the Court entered the *Sua Sponte Amended and Restated Order Granting Motion for an Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Doc. No. 113] (the "Administrative Order").

**C.    Employment of CRA**

7.    On April 9, 2015, the Committee filed its Application to Employ Corporate Recovery Associates, LLC as Business and Financial Advisor for the Official Committee of Unsecured Creditors [Doc. No. 96] (the "Employment Application").

8.    On April 29, 2015, the Court entered an order approving the Employment Application [Doc. No. 125] (the "Employment Order").

9.    On May 26, 2015, CRA filed its *Notice of Fees and Expenses – March 2015* [Doc. No. 143] (the "April Fee Notice").  The April Fee Notice sought, pursuant to the Administrative Order, payment of 80 percent of fees (constituting $17,006.00) and 100 percent of expenses (constituting $1,645.11) incurred by CRA in April of 2015, for a total of $18,651.11.  The 20 percent fee holdback amount for April 2015 was $4,251.50 (the "April Fee Holdback").

10.   No objection was filed to the April Fee Notice.  On or about June 10, 2015, the Debtor paid CRA $18,651.11 via wire transfer.

**D.    Fees and Expenses Incurred by CRA in the Interim Application Period**

11.   During the Interim Application Period, CRA has expended a total of 77.3 hours of professional time in conjunction with service as financial advisor to the Committee.  Total fees for the Interim Application Period are $21,257.50, plus costs and expenses in the amount of $1,645.11 for a total of $22,902.61 (the "Interim Fees and Expenses").

12.   This Interim Fee Application includes time billed for services rendered to the Committee in connection with various bankruptcy administration matters as set forth in the Billing Summary and the Project Summary (each as defined below).

**AMENDED FIRST INTERIM APPLICATION OF CORPORATE RECOVERY ASSOCIATES, LLC FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM APRIL 7, 2015 THROUGH APRIL 30, 2015 – PAGE 3 of 14**
3634672 v1 (79646.00002.000)

**CASE STATUS**

13.     The First Interim Application Period constituted the crucial early stages of this bankruptcy case.  The following is a summary of the matters addressed during this period.

14.     The Committee, concerned with the Debtor's financial position, and history of operational losses, sought the assistance of CRA. CRA has worked efficiently and diligently at the instruction of the Committee's counsel to provide clarity and insight enabling the Committee to make intelligent use of the Debtor's financial information.

15.     CRA prepared for and attended a comprehensive meeting on April 14, 2015 to review and discuss the Debtor's finances.  CRA identified informational gaps that needed to be filled in order to help the Committee evaluate the Debtor's financial position, viability as a going concern, and alternatives for exiting bankruptcy.  Following that meeting, the Committee and the Debtor have had extensive discussions regarding asset recovery, cash expenditures, and potential bankruptcy exit plans.

16.     Based on the Committee's actions and diligence during the First Interim Application Period, the Committee was able to get up to speed quickly on the crucial issue of the Debtor's finances.  CRA provided necessary and important financial analysis and advice during this period.  Obtaining and reviewing this information has allowed the Committee to fill its role as an important party in interest in monitoring the Debtor and potentially formulating a bankruptcy exit plan.

**FEES AND EXPENSES**

A.     **CRA's Fees and Expenses**

17.     By this Application, CRA seeks the following by the Court: (i) interim allowance of compensation for fees and reimbursement of expenses incurred in connection with service as

financial advisor to the Committee during the First Interim Application Period in the full amount of the Interim Fees and Expenses; and (ii) directing the Debtor to pay CRA the Interim Fees and Expenses, to the extent such fees and expenses have not already been paid.

18. CRA's monthly invoice for the First Interim Application Period (the "Invoice"), showing time and expenses during the period, is attached hereto as **Exhibit A**. The invoice comprising Exhibit A was generated by CRA in the ordinary course of its business and was compiled from daily time records recorded on a contemporaneous basis by the professionals employed by CRA. Pursuant to CRA's ordinary billing practices, CRA's time records are kept in six-minute increments.

19. The Invoice contains a detailed listing and description of all services performed as financial advisor to the Committee by CRA, the time spent and dates on which those services were performed, the professionals that performed the services, and the rates charged during the First Interim Application Period. Such descriptions are in compliance with the Guidelines for Compensation and Expense Reimbursement for Professionals promulgated by the United States Trustee Office (the "Guidelines").[1] Moreover, certain of the time descriptions on the Invoice are redacted to protect the attorney-client privilege.

20. In addition, pursuant to the Guidelines, CRA has prepared a billing summary (the "Billing Summary"), as well as a table indicating the costs of services in regard to specific subject areas or matters of the case (the "Project Summary"). The Billing Summary is attached hereto as **Exhibit B** and the Project Summary is attached hereto as **Exhibit C**. As shown on the Billing Summary, with very limited exceptions, only two CRA professionals have worked on

---

[1] As shown in the Debtor's petition, this case involves assets and liabilities of less than $50 million. As such, the 2013 guidelines applicable to larger Chapter 11 cases do not apply in this case. *See* 28 CFR Part 58, Appendix B.

**AMENDED FIRST INTERIM APPLICATION OF CORPORATE RECOVERY ASSOCIATES, LLC FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM APRIL 7, 2015 THROUGH APRIL 30, 2015 – PAGE 5 of 14**
3634672 v1 (79646.00002.000)

this matter: Richard Feferman and Chris Girand.  Mr. Feferman alone has attended (in person and via telephone) meetings and conferences during the First Interim Application Period.

21. Expenses incurred during the First Interim Application Period are set forth in detail on the Invoice.  CRA has retained additional documentation supporting the expense amounts (*e.g.*, receipts) and will make such documentation available to a party in interest upon request.

22. CRA seeks allowance on an interim basis of the fees and expenses incurred on behalf of the Committee during the First Interim Application Period.  Specifically, CRA requests the Court approve the sum of $22,902.61 for CRA's fees and expenses incurred during the First Interim Application Period, and requests the Court to order the Debtor to remit payment to CRA for the fees and expenses incurred, to the extent not already paid by the Debtor under the terms of the Administration Order.

**B.     Evaluation Standards**

23. Section 330(a)(1) of the Bankruptcy Code provides for the payment of:

(A)   reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by such person; and
(B)   reimbursement for actual, necessary expenses.

To grant a request for compensation pursuant to section 330, a court must find that the request is reasonable. *In re Cahill*, 428 F.3d 536, 539 (5th Cir. 2005).  The United States Court of Appeals for the Fifth Circuit has held that the "lodestar" method is preferred in this Circuit for calculating professional fees in bankruptcy cases.  *See Fender v. Transamerican Natural Gas Corp.*, 12 F.3d 480, 487 (5th Cir. 1994); *see also Pennsylvania v. Delaware Valley Citizens Council for Clean Air*, 483 U.S. 711 (1986) (holding that the United States Supreme Court prefers the "lodestar" method in the calculation of fees).

24. The "lodestar" is determined by multiplying the number of hours reasonably expended by the prevailing hourly rate in the community for similar work. *See Fender*, 12 F.3d at 487. Following this calculation, "[t]he court then adjusts the lodestar upward or downward depending upon the respective weights of the twelve [*Johnson* factors]." *Id.*

25. The Fifth Circuit employs the *Johnson* factors to aid courts in considering the reasonableness of professional fees, and to assist in the court's findings and reasons upon which an award of professional fees are based. The twelve *Johnson* factors are:

    1) The time and labor involved;
    2) The novelty and complexity of the issues involved;
    3) The skill required to perform the legal service properly;
    4) The preclusion of other employment;
    5) The customary fees;
    6) Whether the fee is fixed or contingent;
    7) Any time limitations imposed;
    8) The amount involved and results obtained;
    9) The experience, reputation, and ability of the professionals;
    10) The undesirability of the case;
    11) The nature and length of professional relationship with the client; and
    12) Awards in similar cases.[2]

26. In addition to the *Johnson* factors, the United States Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424 (1983), stated that professionals "should make a good-faith effort to exclude . . . hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434.

**C.    The Johnson Factors as Applied to CRA's Fees and Expenses**

27. This case presented numerous novel and complex issues which required the special skills and experience of CRA's professionals. Because of its professionals' skills and

---

[2] *See Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974).

**AMENDED FIRST INTERIM APPLICATION OF CORPORATE RECOVERY ASSOCIATES, LLC FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM APRIL 7, 2015 THROUGH APRIL 30, 2015 – PAGE 7 of 14**
3634672 v1 (79646.00002.000)

experience, CRA believes it has minimized fees and other expenses incurred while serving as financial advisor to the Committee.

28. CRA's fees and expenses are also justified under the criteria set forth in *Johnson* and in *In re First Colonial Corp.*, 544 F.2d 1291 (5th Cir. 1977). A brief statement with regard to each of the twelve elements set out in the *Johnson* case follows:

    a. **The time and labor involved:** CRA has expended a total of 77.3 in professional hours and has incurred $21,257.50, in professional fees in serving as financial advisor to the Committee during the First Interim Application Period. The time and hourly billing rate of each professional performing legal services on behalf of the Committee are reflected in the summary provided in the Notice of First Interim Fee Application filed contemporaneously herewith. A detailed description of the services rendered is provided in the Invoice.

    b. **The novelty and complexity of the issues involved:** CRA represents to the Court that the questions encountered in acting as financial advisor to the Committee were of a complex and specialized nature, requiring a high degree of analytical skill and understanding in obtaining the results that have been obtained to date. The matters addressed by CRA during the First Interim Application Period are summarized in paragraphs 13 through 16 above.

    c. **The skill required to perform the service properly:** CRA has professionals who have performed services on behalf of the Committee who dedicate the vast majority of their financial advisory practice to

bankruptcy advisory service. CRA has a national practice that is known for providing sophisticated high quality financial advise more efficiently and at a lower price than its competitors. Because of their experience and skill in this specialized area of finance, CRA believes more time could easily have been employed by less experienced financial advisors. The array of financial and legal considerations presented in this proceeding and the prompt and skillful action taken to resolve those problems by CRA required a meaningful degree of expertise and experience. CRA's personnel were accordingly utilized as evidenced by <u>Exhibit A</u>.

d. **The preclusion of other employment:** CRA has not declined other employment, but has insured it has sufficient personnel to serve as financial advisor to the Committee in this case. During the time spent working on behalf of the Committee, CRA professionals forewent the opportunity to work on other matters.

e. **The customary fees:** The fees applied for herein are equivalent to customary fees in other proceedings for similar services rendered and results to date. CRA's cost structure minimizes expenses for the following reasons: (1) CRA agreed to bill no more than $275.00 an hour for its blended rate, which is a significant discount off of rates that CRA has had approved in larger cases; (2) CRA has minimized travel expenses as set forth in its Application including no charges for hotel accommodations or car rental. During the First Interim Application Period, one CRA

professional (Richard Feferman) traveled to Texas one time. All other meetings and discussions were handled remotely.

f. **Whether the fee is fixed or contingent**: Not applicable in this case.

g. **Time limitations:** A summary of hours expended and the detailed description of the work performed during each of those hours is described in <u>Exhibit A</u> attached hereto. As financial advisor to the Committee, prompt and intensive action was required in many of the activities of the case.

h. **The amount involved and results obtained:** CRA has actively participated in the matters for which it was retained as financial for the Committee. Overall, CRA believes it has performed well in this case, that the Debtor's estate has benefitted from CRA's efforts and that its fees are appropriate.

i. **The experience, reputation, and ability of the CRA professionals:**

(i) The overwhelming percentage of time billed by CRA professionals on this engagement was billed by Richard Feferman.

(ii) Mr. Feferman is the lead CRA professional on this engagement. Mr. Feferman earned his business degree from Southern Methodist University (BBA 1982). Mr. Feferman is also a Certified Insolvency and Restructuring Advisor and has completed the National Association of Certified Valuation Analysts specialized training in Forensic Accounting / Investigation Methodology. Mr. Feferman has agreed to charge a blended rate of no more than $275 per hour for time billed during the pendency of this case. Mr. Feferman's standard rate for 2015 $650 per hour. CRA believes Mr. Feferman's rate is reasonable and is justified in light of his experience and is well within local market rates.

(v) Similarly, other professionals of CRA who rendered services to the Committee during the First Interim Application Period are well qualified and skilled to perform the services required.

j. **The undesirability of the case:** CRA does not feel the subject case or acting as financial advisor to the Committee in this proceeding was "undesirable."

k. **The nature and length of the professional relationship with the client:** CRA's relationship with the Committee is a single event.

l. **Awards in similar cases:** CRA believes that the fees requested herein are certainly reasonable and are less than or at least in line with fees for cases of similar difficulty and complexity.

**D.     CRA's Representations**

29.     Taking all of the *Johnson* factors into consideration, CRA respectfully submits that the fees requested in this Application are entirely appropriate. Accordingly, CRA respectfully requests that compensation of fees and reimbursement of expenses of CRA in this matter be granted in the amounts requested herein.

30.     CRA further represents that the fees applied for are in conformity with fees allowed in similar proceedings for similar services rendered and results obtained. CRA's expenses incurred on behalf of the Committee are reasonable and are of the kind and price normally charged to other clients of CRA. CRA respectfully requests that the Court take judicial notice of the awards which have been made in similar proceedings in this Court and in other bankruptcy courts in the states of Texas.

31.     CRA has made no agreement for the sharing of compensation of expenses herein although such fees are shared by members of the firm according to the firm's agreement.

32. CRA was at all times a "disinterested person" and has not represented or held an interest adverse to the estate on the matters on which it was employed in compliance with 11 U.S.C. § 327(a).

## CONCLUSION

WHEREFORE, CRA respectfully requests that the Court enter an order: (i) approving the interim award of reasonable compensation for professional services rendered herein as financial advisor to the Committee during the First Interim Application Period in the amount of $21,257.5, plus reimbursement of expenses in the amount of $1,645.11, for a total of $22,902.61; (ii) directing the Debtor to pay CRA the amount up to the unpaid Interim Fees and Expenses;[3] and (iii) granting such other and further relief as this Court deems just and proper.

Dated: June 17, 2015.                                   Respectfully submitted,

                                                    **CORPORATE RECOVERY ASSOCIATES, LLC**

                                                    By:/s/*Richard Feferman*
                                                         Richard Feferman
                                                         3830 Valley Centre Drive, Suite 705-152
                                                         San Diego, CA 92130
                                                         Ph: (858) 792-7473
                                                         Fax: (858) 205-7424
                                                         Email: richard@crarecoverycom

                                                  **FINANCIAL ADVISOR FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

---

[3] As of the filing of this Application, the Debtor has paid all expenses and 80 percent of all fees during the First Interim Application Period, pursuant to the Administrative Order. The unpaid fees constitute the April Fee Holdback in the amount of $4,251.50.

**AMENDED FIRST INTERIM APPLICATION OF CORPORATE RECOVERY ASSOCIATES, LLC FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM APRIL 7, 2015 THROUGH APRIL 30, 2015 – PAGE 12 of 14**
3634672 v1 (79646.00002.000)

# CERTIFICATION

      I hereby certify that: (1) I have read the Application; (2) to the best of my knowledge, information and belief, formed after reasonable inquiry, the compensation and expense reimbursement sought in this Application is in conformity with the Guidelines; and (3) the compensation and expense reimbursement requested are billed at rates, in accordance with practices, no less favorable than those customarily employed by CRA and generally accepted by CRA's clients.

                                            /s/*Richard Feferman*
                                            Richard Feferman

# CERTIFICATE OF SERVICE

      This is to certify that, pursuant to Local Bankruptcy Rule 2016(c), service of the foregoing document was effected through Electronic Notice for Registered Participants and on the parties listed below via United States Mail, first class postage prepaid, on the 17th day of June, 2015. In addition, a summary of the foregoing, in a form compliant with Local Bankruptcy Rule 2016(c)(1) (the "Summary") was sent to all parties on the creditor matrix, attached hereto, via United States Mail, postage prepaid, on the 17th day of June 2015. A copy of the Summary is attached hereto as **Exhibit D**.

                                            /s/*Richard Feferman*
                                            Richard Feferman

| | |
|---|---|
| *The Debtors* | *U.S. Trustee* |
| Urmeet Juneja | Timothy O'Neal |
| Rajiv Kamat | Office of the United States Trustee |
| 5200 Tennyson Parkway, Suite 200 | 110 N. College Ave., Suite 300 |
| Plano, Texas 75024 | Tyler, TX 75702 |

*Debtor's Counsel*
Lynnette Warman
Richard Grant
Culhane Meadows, PLLC
100 Crescent Court, Suite 700
Dallas, TX 76034

## SUMMARY OF EXHIBITS

<u>Exhibit A</u> – Monthly Invoices

<u>Exhibit B</u> – Billing Summary

<u>Exhibit C</u> – Project Summary

<u>Exhibit D</u> – True and Correct Copy of Summary of CRA Fee Application Served on the Creditor Matrix