THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| GTL (USA), INC. | § | CASE NO. 15-40248 |
| | § | |
| Debtor. | § | |
| | § | |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OBJECTION TO DEBTOR'S DISCLOSURE STATEMENT AND RESERVATION OF RIGHTS**

The Official Committee of Unsecured Creditors (the "Committee") for GTL (USA), Inc. (the "Debtor") files this *Objection to Debtor's Disclosure Statement and Reservation of Rights* (the "Objection") and in support thereof respectfully states as follows:

## BACKGROUND

**A.    The Bankruptcy Case**

1. On February 9, 2015 (the "Petition Date"), GTL (USA), Inc. (the "Debtor") filed its voluntary petition for relief under title 11, chapter 11 of the United States Code (the "Bankruptcy Code").  The Debtor continues to operate its business as debtor-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.  No trustee or examiner has been appointed.

2. On March 6, 2015, the United States Trustee appointed the Committee.

3. On June 8, 2015, the Debtor filed its *Disclosure Statement* [Doc. No. 162] (the "Disclosure Statement") and its *Chapter 11 Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Doc. No. 161] (the "Plan").

4. A hearing is current set for approval of the Disclosure Statement on July 28, 2015 at 1:30 p.m. (the "Disclosure Statement Hearing").

**B. The Sale Motion**

5. On July 17, 2015, the Debtor filed its *Expedited Motion for an Order (I) Approving Settlements and Dismissal of the Case, or, in the Alternative, (II) Approving Procedures for the Sale of Substantially all of Debtor's Assets, (a) the Approval of Bid Procedures, (b) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (c) the Establishing Cure Amounts, (d) Approving the Forms of Notice, (e) Setting Hearing Dates, and (III) Granting Related Relief* [Doc. No. 228] (the "Sale Motion").

6. As set forth in the Sale Motion:

> The Plan provides for the continued operation of the business with post-petition funding to be provided, on an as needed basis, from the Debtor's parent, GTL International ("GTLI") and/or GTL, Ltd. ("GTLL"), the ultimate parent (together, the "Parents"). . . After the Plan was filed, the Parents advised the Debtor that, due to their economic circumstances, they could not provide post-confirmation financing to the Debtor on the terms and conditions previously proposed.

Sale Motion at ¶¶ 7-8. This is consistent with evidence otherwise adduced by the Committee in this case. Specifically, that the Parents' funding of the Debtor is critical to its long-term survival and that the Parents are unable to further provide such funding in the foreseeable future.

7. On July 17, 2015, the Debtor also filed a separate motion seeking to have the Sale Motion heard on an expedited basis [Doc. No. 229] (the "Motion to Expedite"). As set forth in the Motion to Expedite:

> The Debtor's business operations are at a seasonal phase that will result in a cash drop as much as $1.0 MM over the upcoming weeks. While the Debtor believes that its cash reserves will recover in the fall, the near and long-term ability of the Debtor to secure financing to weather its slow season and operate profitably going forward is uncertain at best. As such, it is a possibility that the Debtor will find itself without sufficient cash resources to operate as soon as August or September of this year.

Motion to Expedite at ¶ 6.

8. On July 21, 2015, the Court entered an order granting the Motion to Expedite and setting a hearing on the sale procedures for July 30, 2015 at 1:30 p.m.

## OBJECTION AND RESERVATION OF RIGHTS

9. Based on discussions between counsel for the Committee and counsel for the Debtor, it is the Committee's understanding that the Debtor does not intend to seek approval of the Disclosure Statement at the Disclosure Statement Hearing. Rather, the Debtor intends to use such hearing as a case status conference. The Committee does not object to treating the Disclosure Statement Hearing as a status conference. However, the deadline for the Committee to object to the Disclosure Statement is July 21. *See* Notice at Doc. No. 163. As of the filing of this Objection, the Debtor has not filed a motion seeking to continue the Disclosure Statement Hearing. As such, the Committee has filed this Objection out of an abundance of caution and to preserve all rights.

10. Bankruptcy Code section 1125(a)(1) provides that a disclosure statement must provide "adequate information" to allow stake-holders to make an informed decision about a proposed plan. While a hearing on approval of a disclosure statement is not a plan confirmation hearing, it is clear that "[a]n unconfirmable plan is grounds for rejection of the disclosure statement; a disclosure statement that describes a plan patently unconfirmable on its face should not be approved." *In re Quigley Co.*, 377 B.R. 110, 115 (Bankr. S.D.N.Y. 2007).

11. In this case, the Debtor's plan is patently unconfirmable. One of the most fundamental requirements for confirming any plan of reorganization is a showing by the debtor that the plan is feasible. *See* Bankruptcy Code sections 1123(a)(5) and 1129(a)(11). By the Debtor's own admission, the Plan is not feasible because the Debtor will not have required post-petition financing and also because it is possible that the Debtor lacks sufficient cash to survive

into the fall of this year. Soliciting acceptances of such a plan via the Disclosure Statement would be an exercise in futility and a waste of the Debtor's limited assets. For these reasons, the Court should deny approval of the Disclosure Statement in this case.

WHEREFORE, for the reasons set forth above, the Committee respectfully requests that this Court enter an order (i) denying approval of the Disclosure Statement; and (ii) granting the Committee such other and further relief to which it is justly entitled.

Dated: July 21, 2015.                    Respectfully submitted,

**KANE RUSSELL COLEMAN & LOGAN PC**

By:  */s/ Jason B. Binford*
     Jason B. Binford
     State Bar No. 24045499

3700 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
Telephone - (214) 777-4200
Telecopier - (214) 777-4299
Email: jbinford@krcl.com; ecf@krcl.com

**ATTORNEYS FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 21, 2015, a true and correct copy of the foregoing Objection was served on all parties receiving ECF Notification in this case.

>     /s/ *Jason B. Binford*
>     Jason B. Binford