United States Department of Justice
Office of the United States Trustee
300 Plaza Tower
110 N. College
Tyler, Texas 75702
(903) 590-1450

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In Re § | | |
| § | | |
| GTL (USA), Inc. § | Case No. 15-40248 | |
| 5200 Tennyson Parkway, Suite 200 § | | |
| Plano, TX 75024 § | HEARING: 7/30/15 1:30 p.m. | |
| Tax ID / EIN: 26-2125604 § | | |
| § | | |
| Debtor-in-possession § | Chapter 11 | |

**United States Trustee's Objection to
Debtors Expedited Motion for an Order (I) Approving Settlements and Dismissal of the Case, or, in the Alternative, (II) Approving Procedures for the Sale of Substantially All Assets, (a) Approval of Bid Procedures, (B) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (C) Establishing Cure Amounts, (D) Approving the Forms of Notice, (E) Setting Hearing Dates and (III) Granting Related Relief**

To the Honorable Brenda T. Rhoades, Chief United States Bankruptcy Judge Presiding:

The United States Trustee objects to the above styled pleading ("the Structured Dismissal

Motion"), filed by the Debtor-in-possession ("Debtor") and in support would show:

1). The Structured Dismissal Motion should not be approved because:

- The Structured Dismissal Motion constitutes an impermissible *sub rosa* plan;

- The Structured Dismissal Motion, insofar as it represents settlement of by the

    Debtor-in-possession of potential claims against its parent entities, GTL

    International ("GTLI") and GTL, LTD ("GTLL"), does not provide sufficient

information for the court to make the necessary determinations to approve it under Fifth Circuit precedent;

- The Structured Settlement Motion impermissibly releases third parties, although the precise release and exculpation mechanism is completely unclear;

- It is unclear whether the parties are proposing that this court retain putative jurisdiction over any matters after the dismissal of the bankruptcy case;

- The disposition of this case under the strictures of a structured dismissal deprives creditors of the protections of voting, acceptance, disclosure and the "fair and equitable" standards, including the absolute priority rule.

2. *Impermissible sub rosa plan*. The court should reject the Structured Dismissal Motion because it effectuates settlements of significant claims outside of a plan of reorganization, thereby amounting "to *sub rosa* plan of reorganization." *Official C'ee of Unsecured Creditors v. Cajun Elec. Power Coop., Inc. (In re Cajun Elec. Power Coop., Inc.)*, 119 F.3d 349, 354 (5th Cir. 1997). Such settlements "short circuit the requirements of chapter 11 for confirmation of a reorganization plan." *Pension Benefit Guar. Corp. v. Braniff Airways, Inc.* (*In re Braniff Airways, Inc.*), 700 F.2d 935, 940 (5th Cir. 1983). Specifically, the court must determine whether a proposed transaction meets those chapter 11 plan requirements which protect creditors; these requirements include disclosure, voting, best interests of creditors test, and the absolute priority rule. *Institutional Creditors of Continental Air Lines, Inc. v. Continental Air Lines, Inc. (In re Continental Air Lines, Inc.)*, 780 F.2d 1223, 1226; 1227-1228 (5th Cir. 1986)("[u]ndertaking reorganization piecemeal…should not deny creditors the protection they would receive if the proposals were first raised in the reorganization plan").

3. *Insufficient showing to approve settlements regarding insider claims.* The Fifth Circuit has determined that courts should address three factors in determining whether a settlement is fair and equitable, and is in the best interests of the estate: 1) the probability of success; 2) the complexity and likely duration of the litigation; and all other factors which might bear on the reasonableness of compromise. *Connecticut Gen. Life Ins. Co. v. United Cos. Fin. Corp. (In re Foster Mortgage Corp.)*, 68 F.3d 914, 917 (5th Cir 1995)(*citing Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599, 602 (5th Cir 1980)). The terms of the Structured Dismissal Motion include a settlement of the unsecured claims of the parent entities against the Debtor, identified as $8.5 million (Structured Dismissal Motion, p.5). Under the contemplated settlement and dismissal transactions, Emirates International Holding Limited, LLC ("EIHL") would acquire ownership of the Debtor's parent entities, including all amounts allegedly owed by the Debtor to those entities. The Debtor would be allowed to defer payments on the debts thus acquired by EIHL until 2016. The debts allegedly owed by the Debtor to its parent entities have been the subject of significant controversy since the inception of this case. These debts are the subject of asserted counterclaims. The structured dismissal transactions appear, however, to functionally allow those claims held by the parent entities in full. Indeed, the acquiring entity, EIHL, clearly desires that all such counterclaims and controversies go away as a part of its deal to fund partial payments to non-insider creditors. The Structured Dismissal Motion, however, does not contain enough information for the court and interested parties to analyze whether this resolution is the best result under controlling case law. There is insufficient discussion of alternatives. This demonstrates why the disclosure and plan process are so critical to obtain a fully informed and just result for creditors, and why Congress has required these protections.

4. *The Structured Dismissal Motion is completely unclear as to the extent and nature of third-party releases being required as a condition of performance by EIHL.* Paragraph 16, p. 6 of the Structured Dismissal Motion states: "[t]he settlement and dismissal proposal requires the release by all creditors of any claims that could be asserted against the Debtor, the parents and the Released Parties as a condition of closing and the receipt of distributions by creditors." The Offer Materials attached to the Structured Dismissal Motion recite several times that EIHL requires "….agreement with all creditors for legal discharge and release of all Debtor and Non-Debtor entities and individuals" further, "we need release and discharge of (all the GTL entities) and their affiliates, Directors, Employees/Officers from all litigations by all the creditors….." (letter from Patrick Dannacher of July 15th – Offer Materials).    It is completely unclear how these releases are to be obtained.  The extent and legal effect of the releases is also not discussed.  The United States Trustee requested copies of any contemplated release forms or documents, and has not received anything.  It seems unlikely in the extreme that all creditors will agree to these releases, particularly AUTOOPT.  Courts differ on whether they possess authority to permit third parties releases as a part of the chapter 11 reorganization and confirmation process.  Even if the release mechanism and terms were clear, such releases should not be approved in the context of a structured dismissal, inasmuch as controlling case law in the Fifth Circuit make such releases unsustainable even in the context of a chapter 11 plan confirmation, in the face of an objection.  11 U.S.C. §524(e) provides: "except as provided in subsection (a)(3) of this section, discharge of a debt of the Debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt "  11 U.S.C. §1129(a)(1), concerning confirmation of chapter 11 plans, also specifies that:

"(a)  The court shall confirm a plan only if all of the following requirements are met:

(1) The plan complies with the applicable provisions of this title."

In *Bank of New York Trust Co., NA v. Official Unsecured Creditors Committee (In re Pacific Lumber Co.)*, 584 F.3d. 229 (5th Cir. 2009), the Court of Appeals for the Fifth Circuit considered whether a bankruptcy court could approve releases of third parties from causes of action or claims related to their actions in a bankruptcy case, in the face of an objection. *Lumber* was decided by the 5th Circuit as a direct appeal from a bankruptcy court's of a chapter 11 plan by an indenture trustee who had presented a competing plan.  Much of the opinion concerns whether the appellate points raised by the indenture trustee were equitably on the basis of events that had transpired post-confirmation as the bankruptcy court's order of confirmation had not been stayed.   One of the points raised by the indenture trustee, however, concerned the releases contained in the confirmed plan as to non-Debtor third parties related to their activities in proposing, implementing and administering the plan.   Pacific Lumber, 584 F.3d. at 251.    The court determined that this appellate point was not equitably moot*. Id.*  The court further determined that "[w]e see little equitable about protecting the released non-Debtors from negligence suits arising out of the reorganization.  In a variety of contexts, this court has that Section 524(e) only releases the Debtor, not co-liable third parties" (citations omitted). *Pacific Lumber*, 584 F.3d at 252.    The holding of *Pacific Lumber* is clear:  bankruptcy courts not possess the authority to approve third party releases in the context of chapter 11 plan confirmation, in the face of an objection.  The United States Trustee asserts that, given the Fifth Circuit's approach to third party releases in the context of the chapter 11 reorganization process,

the approval of such releases in the context of a structured dismissal could never be sustained in the face of an objection. The Bankruptcy Code's built in protections against improper releases completely absent in the context of a structured dismissal.

5. *It is unclear whether the parties contemplate any continuing bankruptcy court jurisdiction after the dismissal of this case.* The Structured Dismissal Motion apparently does not propose any retained or continuing jurisdiction on the part of this court to interpret or address issues arising out of the structured dismissal. This should be clarified. In the experience of the United States Trustee, the lack of clarity on this point has caused significant post-dismissal problems, as when transactions implemented in conjunction with the dismissal of this case begin to unravel, and when performance does not occur as contemplated by one party or another. Further, even if contemplated by the parties, it is unclear whether the court would have continuing jurisdiction to consider disputes after the dismissal of the case.

6. *A structured dismissal does not afford creditors and other parties-in-interest with protections built into the Bankruptcy Code and Rules.* The Debtor cites 11 U.S.C. §§105(a), 305(a), and 349(a) as statutory authority for structured dismissal. Given that §305(a) cites only "dismissal" and not "structured dismissal," and that the additional relief sought by the Debtor exceeds the relief contemplated by 11 U.S.C. §349(a), the Debtor is requesting the Court to use §105(a) to engraft a structured dismissal option that the Bankruptcy Code does not offer. the Bankruptcy Code provides only three ways to exit chapter 11: (1) confirming a plan of reorganization or liquidation under §1129; (2) converting to chapter of the Code under § and (3) dismissing the case under § 1112(b), without embellishment. Confirmation of a plan of reorganization, and the plan disclosure and confirmation process in general, provide parties with

significant protections absent from a structured dismissal. Under the specific facts of this case, the following Bankruptcy Code protections are implicated:

- Creditors are deprived of the disclosure and bargaining process attendant to chapter 11;

- Creditors are deprived of voting, even though the treatment contemplated under the Structured Dismissal Motion amounts to impairment of their claims;

- Third parties are released without any substantive analysis as to whether the releases are appropriate in the context of the released parties' contribution to the Debtor's reorganization, since there is no reorganization,

- It is completely unclear how creditors' claims will actually be quantified and treated, and how disputed claims will be handled by the Debtor - alternately the structured dismissal will subject claims to an unknown settlement regime conducted by EIHL;

- Professional fees, and other administrative expenses, apparently will be paid without full notice and opportunity to object and be heard;

- The absolute priority rule may be violated, and parties will not be in a position to invoke it by objection.

7. Finally, the Structured Dismissal Motion does not address how fees imposed by 28 U.S.C. §1930(a)(6) are to be handled.

Wherefore, for the foregoing reasons, the United States Trustee objects to the Structured Dismissal Motion, and requests that it be denied in insofar as a Structured Dismissal is contemplated.

Dated: July 28, 2015                Respectfully submitted,

                                         William T. Neary
                                         United States Trustee
                                         Region 6

By:    */s/ Timothy W. O'Neal*
        Timothy W. O'Neal
        Asst. U.S. Trustee, SBOT 15283350
        110 N. College Avenue, Suite 300
        Tyler, Texas 75702
        (903) 590-1450; Fax (903) 590-1461

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was served on the following listed persons, and to all members of the committee as shown above, through the court's electronic notification system as permitted by Appendix 5005 to the Local Rules of the U.S. Bankruptcy Court for the Eastern District of Texas, or by first class United States Mail, postage prepaid, no later than July 28, 2015.
.

                                          */s/ Timothy W. O'Neal*
                                          Timothy W. O'Neal

| | |
|---|---|
| GTL (USA), Inc.<br>5200 Tennyson Parkway, Suite 200<br>Plano, TX 75024 | Dallas, TX 75201<br><br>Jason Binford<br>Kane Russell Coleman & Logan PC<br>1601 Elm Street<br>Suite 3700<br>Dallas, TX 75201 |
| Lynette Warman<br>Richard G. Grant<br>Culhane Meadows, PLLC<br>100 Crescent Court, Suite 700<br>Dallas, TX 76034 | Howard Marc Spector<br>12770 Coit Road, Ste. 1100<br>Dallas, TX 75251 |
| | S. Christopher Conway<br>301 W. High Street<br>P. O. Box 475<br>Jefferson City, MO 65102 |
| James H. Billingsley<br>Polsinelli PC<br>2501 N. Harwood<br>Suite 1900 | Allison Maynard |

Wilson Elser Moskowitz Edelman & Dicker
901 Main St., Ste. 4800
Dallas, TX 75202

Michelle E. Shriro
Singer & Levick, P.C.
16200 Addison Rd., Ste. 140
Addison, TX 75001

Kartik R. Singapura
Cherry Petersen Landry Albert LLP
8350 N. Central Expressway, Suite 1500
Dallas, TX 75206

Jason Starks
300 West 15th St., 8th Floor
Austin, TX 78701

Mark W. Stout
Padfield & Stout, L.L.P.
421 W. Third Street, Suite 910
Ft. Worth, TX 76102