IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 15-40248-BR-11 |
| GTL (USA), INC., | § | Chapter 11 |
| | § | |
| Debtor. | § | |

**ORDER APPROVING DISCLOSURE STATEMENT ON A PRELIMINARY BASIS;
FIXING VOTING RECORD DATE AND VOTING DEADLINE;
FIXING DEADLINE FOR OBJECTING TO CONFIRMATION;
APPROVING THE FORMS OF BALLOTS;
FIXING A DATE FOR HEARING ON CONFIRMATION; AND
ADDRESSING MATTERS ANCILLARY TO SOLICITATION**

On the date noted below, the Court considered the adequacy of the information pursuant to 11 U.S.C. § 1125 of the Disclosure Statement with Respect to Debtor's First Amended Plan of Reorganization dated August 5, 2015 (the *"Disclosure Statement"*) filed on or about August 5, 2015. The Court has considered the objections filed to the adequacy of the information within the Disclosure Statement, and the arguments, agreements and representations by counsel appearing at the hearing on behalf of the Debtor and the parties in interest who filed objections at hearings held on July 30, 2015 and July 31, 2015. Based thereon, the Court has determined, on an preliminary basis, that the Disclosure Statement proposed by the Debtor contains "adequate information" as provided by 11 U.S.C. § 1125 to enable hypothetical reasonable investors, typical of holders of claims and interests of all relevant classes to make informed judgments about the Debtor's First Amended Plan of Reorganization dated August 5, 2015 (the "*Plan*"), a copy of which is attached to the Disclosure Statement as Exhibit "A." The Court also finds and concludes, based upon the Certificates of Service filed in this case, that the Debtor has complied with the notice requirements in Bankruptcy Rule 3017(a) or that notice are hereby shortened and limited to the amount of notice which was actually given by the Debtor.

The Court finds and concludes that the Debtor (including, without limitation, its officers, agents, and professionals) is soliciting acceptances or rejections of the Plan in good faith and in compliance with the applicable provisions of Title 11 of the United States Code.

THEREFORE, the Court hereby ORDERS, ADJUDGES and DECREES as follows:

1.    The Disclosure Statement is hereby APPROVED on a preliminary basis pending a final hearing on the adequacy thereof to be held simultaneously with the confirmation hearing as described herein.

2.    The Debtor may make final edits (consisting of correcting typographical and grammatical errors, making stylistic improvements, and adding updates of information as may be helpful) to such Disclosure Statement prior to solicitation. Any such revisions may be filed with the Court and shall be deemed approved by this Order.

3.     The Debtor may, but shall not be required, to engage a service to print and mail the items discussed in paragraph 5 below.  The Court has determined that such task is ministerial in nature and therefore not within the guidelines for the employment of professionals within bankruptcy cases.  The Debtor shall, if requested, provide copies of all invoices of such printing firm to the U.S. Trustee and counsel for any Official Committee.  The Debtor may pay the costs and fees of such printer without further motion or order.

4.     The Court hereby approves the form of Ballot (the "Ballot") attached hereto as Exhibit "A."

5.     **Notice**. The Debtor shall provide notice (the "Plan Notice") of the Plan, Disclosure Statement, this Order and of the Confirmation Hearing and Objection Deadline (hereinafter defined) by: (a) making the Plan, Disclosure Statement, the Ballot and this Order available for download on the Debtor's counsel's website at www.chapter11dallas.com/GTL; (b) transmitting a copy of the same via the Court's Electronic Case Filing System to the Debtor, Debtor's Counsel, any trustees or committees appointed under the Code, the Securities and Exchange Commission, the Office of the United States Trustee and parties filing Notices of Appearance; and (c) transmitting a copy of this Order and the Ballot to the Debtor, Debtor's Counsel, any trustees or committees appointed under the Code, all creditors and parties in interest, the Securities and Exchange Commission, the Office of the United States Trustee and parties filing Notices of Appearance via United States First Class Mail, postage prepaid, on August 7, 2015. The Debtor may include within such package solicitation letters, voting instruction letters, or both, with regard to the Plan.

6.     Upon the transmittal of the Plan Notice, all parties in interest shall be conclusively deemed to have been put on notice of and to have timely received a full copy of the Plan, Disclosure Statement and the remainder of the solicitation materials described herein.

7.     The date ("Voting Record Date") for determining the creditors and Shareholders which may vote on the Plan shall be August 5, 2015.

8.     Funding Commitment. EIHL shall provide a binding commitment regarding the transactions set forth in the EIHL Term Sheets (as defined in the Plan) on or prior August 14, 2015, which date may be extended with the consent of the Committee.

9.     Voting Deadline.  **August 17, 2015** is fixed as the deadline by which the holders of claims and interests against the Debtor may vote to accept or reject the Plan; any ballot not actually received by a Balloting Agent (as defined herein) on or before 4:30 p.m., prevailing Central Time (the "Voting Deadline"), on such date shall not be counted without leave of Court.

10.     Debtor's Counsel is hereby designated as Balloting Agent with regard to all ballots; Debtor's Counsel shall receive the Creditor Ballots and tabulate the acceptances and rejections of the Plan as reflected therein and report the results of such tabulation to the Court at the hearing on confirmation of the Plan.

11.     Objection Deadline. **August 17, 2015** is the last day (the "*Objection Deadline"*) by which creditors and parties in interest may file objections to the confirmation of the Plan,

which objections shall be in writing and filed with the Court on or before 4:30 p.m., prevailing Central Time on such date.

12.     Any party failing to timely file and properly serve an objection to the Plan or the confirmation thereof shall be barred from raising such objections at the Confirmation Hearing.

13.     Initial Escrow.  Emirates Holding International Limited ("EIHL") shall deposit the fully refundable sum of US$250,000 in escrow on or prior August 18, 2015, which date may be extended with the consent of the Committee.

14.     Escrow of Remaining Closing Funds.  EIHL shall deposit the remainder of the US$2,500,000 funding commitment in escrow on or prior to August 20, 2015.

15.     Hearing. A final hearing pursuant to 11 U.S.C. § 1125 on the adequacy of the Disclosure Statement and a hearing pursuant to 11 U.S.C. § 1128 on the confirmation of the Plan shall commence on **August 19, 2015 at 3:30 p.m.**, prevailing Central Time (the "*Confirmation Hearing*"), before the Honorable Brenda Rhoades, United States Bankruptcy Court, Eastern District of Texas, Sherman Division, 660 N. Central Expressway, Suite 300B, Plano, TX 75074. The hearing may be adjourned from time to time as may be announced on the record at the hearing.

16.     The objections heretofore filed to the Disclosure Statement are hereby denied to the extent not expressly granted herein.

Signed on 8/6/2015

*Brenda T. Rhoades*     SR

HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE

*Submitted by:*

Richard G. Grant
Tex. Bar No. 08302650
CULHANE MEADOWS, PLLC
The Crescent, Suite 700
100 Crescent Court
Dallas, Texas 75201
Telephone: 214-210-2929
Facsimile: 214-224-0198
Email: rgrant@culhanemeadows.com

ATTORNEYS FOR
DEBTORS IN POSSESSION


Approved as to Form and Content:


/s/ Jason Binford
Jason B. Binford
**KANE RUSSELL COLEMAN &LOGAN PC**
State Bar No. 24045499
3700 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
Telephone - (214) 777-4200
Telecopier - (214) 777-4299
Email: jbinford@krcl.com; ecf@krcl.com
**ATTORNEYS FOR THE**
**OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF TEXAS (SHERMAN DIVISION)**

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 15-40248-BR-11 |
| GTL (USA), INC., | § | Chapter 11 |
| | § | |
| Debtor. | § | |

**BALLOT FOR ACCEPTING OR REJECTING DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION**

GTL (USA), Inc. (the "Plan Proponent") filed its First Amended Plan of Reorganization dated August 5, 2015 (the "Plan") in this Case. The Court has approved the First Amended Disclosure Statement With Respect to the First Amended Plan of Reorganization dated of even date therewith (the "Disclosure Statement"). The Disclosure Statement provides information to assist you in deciding how to vote your ballot. If you do not have a Disclosure Statement, you may obtain a copy at www.chapter11dallas.com/GTL. Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court. **You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. The Disclosure Statement discusses your classification and treatment under the Plan. If you hold claims or equity interests in more than one class, you may submit a ballot for each class in which you are entitled to vote.** Return your completed ballot to Richard G. Grant, CULHANE MEADOWS, PLLC, 100 Crescent Court, Suite 700, Dallas, Texas 75201 Facsimile: 214-224-0198, Email: rgrant@culhanemeadows.com **so that it is received at or before 4:30p.m. (prevailing Central Time) on August 17, 2015. If you do so not timely cast your vote and such deadline is not extended, your vote will not count as either an acceptance or a rejection of the Plan without leave of Court. If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.**

---

The undersigned, a creditor of the Debtor in the unpaid principal amount of $_____ (if unknown, you may estimate the amount of your claim) as of February 9, 2015, hereby votes as follows on the Plan (check only one):

_____ **ACCEPT**          _____ **REJECT**

**Please check all boxes that apply:**

- ❑ My claim is for a tax owed to a governmental entity, other than a property tax (e.g., a sales tax).
- ❑ My claim is for goods sold, services provided, or for unpaid lease obligations.
- ❑ I hold a lien or security interest in property owned by the Debtor to secure the payment of my claim. If checked, answer the following:
  My collateral is the following (please describe): _____
  I filed my deed of trust or financing statement on (date, month, year): _____
  Jurisdiction where filed: _____
- ❑ My claim does not fall within one of the categories above. (Description of claim is attached)

---

**NOTE: If no box is checked indicating acceptance or rejection of the Plan, this ballot will be presumed to be a ballot accepting the Plan. This ballot does not constitute a proof of claim, whether or not tabulated. This ballot does not constitute an acknowledgement of the allowance, extent, priority or classification of any claim.**

**Article 12.5 of the Plan provides for certain releases by creditors (the "Creditor Releases") by providing that all persons who have (i) voted to accept this plan or who are presumed or deemed to have voted to accept this plan under section 1126(f) of the bankruptcy code, (ii) are entitled to vote to accept or reject this Plan and who vote to reject this Plan or abstain from voting, and (iii) do not mark their Ballots as opting out of the releases granted under this section, shall, to the fullest extent permitted by applicable law, be deemed to forever release, waive and discharge the GTL Released Parties and each of their respective constituents, principals, officers, directors, employees, agents, representatives, attorneys, professionals, advisors, affiliates, funds, successors, predecessors, and assigns, of and from all liens, claims, causes of action, liabilities, encumbrances, security interests, interests or charges of any nature or description whatsoever relating to the debtor, the Chapter 11 Case or affecting property of the Estate, whether known or unknown, suspected or unsuspected, scheduled or unscheduled, contingent or not contingent, unliquidated or fixed, admitted or disputed, matured or unmatured, senior or subordinated, whether assertable directly or derivatively by, through, or related to the Debtor, against successors or assigns of the Debtor and the individuals and entities listed above whether at law, in equity or otherwise, based upon any condition, event, act, omission occurrence, transaction or other activity, inactivity, instrument or other agreement of any kind or nature occurring, arising or existing prior to the effective date in any way relating to or arising out of, in whole or in part, the debtor, the chapter 11 case, the pursuit of confirmation of this plan, the negotiation and consummation of the transactions contemplated thereby, the consummation of this plan or the administration of this plan, including without limitation, the negotiation and solicitation of this plan, all regardless of whether (a) a proof of claim or equity interest has been filed or is deemed to have been filed, (b) such claim or equity interest is allowed or (c) the holder of such claim or equity interest has voted to accept or reject this plan, except for willful misconduct or gross negligence. For the avoidance of doubt, nothing contained herein shall impact the right of any holder of an allowed claim to receive a distribution on account of its allowed claim in accordance with section 4 hereof. If you do not wish to grant such Creditor Releases and elect to be treated in Class 3A of the Plan, you must check this box. ❑**

By returning this Ballot, the voter certifies and/or acknowledges that: (a) the Claim Holder has been provided with a copy of the Disclosure Statement, including the Plan; and (b) the Claim Holder has full power and authority to vote to accept or reject the Plan.

**PRINTED NAME OF PERSON/ENTITY VOTING:** _____

| | |
|---|---|
| Signature: | √ _____ |
| Name of Signatory: | _____ |
| Office or Title of Signatory (if applicable): | _____ |
| Date: | _____ |
| Street Address: | _____ |
| City/State/Zip: | _____ |
| Telephone: | _____ |
| Email (if available): | _____ |