IN THE UNITED STATES BANKRUPTCY
COURT FOR THE EASTERN DISTRICT OF
TEXAS SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 15-40248 |
| GTL (USA), INC., | § | Chapter 11 |
| | § | |
| Debtor. | § | |

CREDITOR KUNAL KAPAI'S OBJECTION TO PROOF OF
CLAIM OF URMEET JUNEJA

Kunal Kapai ("Kapai") files this Objection to Proof of Claim of Urmeet Juneja filed in these Chapter 11 proceedings initiated by Debtor GTL (USA), Inc. ("Debtor" or "GTL"), and would show the Court as follows.

I. INTRODUCTION AND BACKGROUND

1. Debtor GTL is a Delaware corporation and is the debtor in possession in the above-captioned cause.

2. Urmeet Juneja ("Juneja") is an individual who filed a proof of claim ("Claim") in this case (Claim No. 52, filed on July 27, 2015). The claim was based on any liability or expenses sustained or incurred in the matter of *Kunal Kapai v. GTL International, Ltd. et al*, Cause No. 15-03093 in the U.S. Bankruptcy Court of the Northern District of Texas. *See* Ex. A, Proof of Claim of Urmeet Juneja at 1.

3. Juneja is currently acting as the Senior Vice-President for GTL and is the signatory on the Debtor's Plan of Reorganization as well as its First Amended Plan of Reorganization. [Doc. # 161]; [Doc. #260].

4.   Kunal Kapai is an individual who filed a prior proof of claim in this case (Claim No. 5, filed on March 4, 2015). He objects to Juneja's claim as permitted by 11 U.S.C. § 502(a). *See also* FED. R. BANKR. P. 3007.

5.   In a supplement to his proof of claim, Juneja alleges that his claim is related to Kapai's proof of claim because Kapai "has sought the same damages (as those requested in his proof of claim) in a separate lawsuit against [Juneja]." Ex. B, Supplement to Urmeet Juneja's Proof of Claim.

## II. SPECIFIC OBJECTIONS TO PROOF OF CLAIM

6.   Kapai objects to and denies that Debtor would be liable as described by Juneja in his Claim. The documentation submitted by Juneja in support of his Claim fails to show a sufficient basis for recovery.

7.   Kapai further objects to Juneja's Claim as late-filed. The Court set a deadline for the Court to *receive* a proof of claim for all creditors, with the exception of a governmental unit, as June 6, 2015. [Doc. #12, Certificate of Notice]. Juneja's Claim was not filed until July 27, 2015. *See* Ex. A. Moreover, Juneja has not given a justification, under either the Bankruptcy Code or the Federal Bankruptcy Rules of Procedure, that would excuse his late filing. *See generally* Ex. A; Ex. B.

## III. AFFIRMATIVE DEFENSES TO PROOF OF CLAIM

8.   Juneja has failed in whole or in part to state a claim upon which relief can be granted.

9.   The Court should abstain from hearing the matters raised by Juneja's Claim.

10.  Juneja's Claim is barred in whole or in part by the parties' prior course of dealings.

WHEREFORE, PREMISES CONSIDERED, Kunal Kapai respectfully requests that the Court enter an order striking Juneja's Proof of Claim, and awarding Kapai such other and further relief to which he may be entitled.

Respectfully submitted,

By: /s/ Lee L. Cameron, Jr.
Lee L. Cameron, Jr.
State Bar No. 03675380
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
Bank of America Plaza
901 Main Street, Suite 4800
Dallas, TX 75202-3758
(214) 698-8000
(214) 698-1101 (Facsimile)
Lee.Cameron@wilsonelser.com

**ATTORNEYS FOR CREDITOR KUNAL KAPAI**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on counsel of record pursuant to Fed. R. Civ. P. 5 and Local Bankruptcy Rules on all affected parties on the 6th day of August, 2015.

/s/ Lee L. Cameron, Jr.
Lee L. Cameron, Jr.