W. Charles Sipio, Esquire
KOLMAN ELY, P.C.
414 Hulmeville Avenue
Penndel, Pennsylvania 19047
(T) 215-750-3134 / (F) 215-750-3138
wcsipio@kolmanlaw.net

*Attorney for Movant, Amanda Morreale*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| IN RE: GTL (USA), INC. | Case No. 15-40248-11 |
| *Debtor.* | Chapter 11 |
| AMANDA MORREALE | |
| *Movant.* | |

### MOTION FOR LEAVE TO FILE LATE PROOF OF CLAIM DUE TO EXCUSABLE NEGLECT AND LACK OF NOTICE BY AMANDA MORREALE

**NO HEARING WILL BE CONDUCTED ON THIS MOTION/OBJECTION/ APPLICATION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN TWENTY (20) DAYS FROM DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

1. Amanda Morreale ("Movant") hereby moves this Court for an Order granting leave to file a late proof of claim in this matter allowing her to pursue claims

against the Debtor that were pending prior to the filing of its bankruptcy petition in this Court.

2. Specifically, Movant filed an action against the Debtor in the United States District Court for the Middle District of Pennsylvania alleging employment discrimination related to her termination.

3. On December 18, 2014, Movant filed a Complaint against Debtor. *See* Exhibit "A".

4. Debtor filed an Answer to the Complaint on January 12, 2015. *See* Exhibit "B".

5. On February 9, 2015, Debtor filed a Suggestion of Bankruptcy with the district court. *See* Exhibit "C".

6. The district court stayed proceedings as a result of the bankruptcy filing. *See* Exhibit "D".

7. To date, Movant has not filed a proof of claim in this action and the deadline to file the same has expired.

8. Upon information and belief, discussions with Debtor's counsel and a review of the docket in this matter, Movant was not given notice of the bar date to file a proof of claim.

9. Movant concedes, for purposes of this motion, that she was given Notice of the bankruptcy filing <u>only</u> by virtue of the Suggestion of Bankruptcy in the Middle District of Pennsylvania. *See* Exhibit "C". The same is insufficient as a matter of law for purposes of providing her with an opportunity to file a timely proof of claim.

10. Pursuant to Rule 3003(c)(3) of the Rules of Bankruptcy Procedure, the court fixes the time within which proofs of claim may be filed in a Chapter 11 reorganization case.

11. Additionally, Rule 3003(c)(3) provides that, "for cause shown," the court may extend the time within which proofs of claim may be filed. In re Wm. B. Wilson Mfg. Co., 59 B.R. 535, 537 (Bankr. W.D. Tex. 1986).

12. Therefore, "Rule 3003(c)(3) authorizing an extension of time for filing a proof of claim, read in conjunction with Rule 9006(b)(1) regarding enlargement of time, would require the filing of a motion for leave of court to file a proof of claim after the expiration of the bar date set by the court supported by proof that the failure to file the proof of claim before the deadline set by the court was the result of excusable neglect." In re Wm. B. Wilson Mfg. Co., 59 B.R. at 537.

13. Demonstrating "excusable neglect" for one "requires the creditor to show that the failure to timely perform a duty was due to circumstances which were beyond the reasonable control of the person whose duty it was to perform." Id.

14. In that respect, "Courts have found excusable neglect where the creditor fails to comply with the bar date because, through no fault of its own, it had *no notice of that date*." Id. (*emphasis added*) (*citing to* In re Yoder Co., 758 F.2d 1114, 1121 (6th Cir.1985) (nonreceipt of notice of bar date sufficient grounds for excusable neglect).

15. In In re Wm. B. Wilson Mfg. Co., the bankruptcy court similarly found that failure to provide notice of the bar date to the creditor constituted excusable

3

neglect. Id. at 538 ("The Court follows the above holdings and finds that failure to receive 'notice of a bar date' would constitute excusable neglect.")

16. Therefore, the court in In re Wm. B. Wilson Mfg. Co. also questioned whether the creditor had sufficient notice. Id.

17. In that case, the creditor maintained "that a creditor's knowledge of Chapter 11 proceedings does not substitute for actual notice of a bar date." Id.

18. The creditor argued "without notice, a creditor's due process rights have been violated, and violation of a creditor's constitutional rights is adequate cause for extension of a bar date." Id.

19. On the other hand, the debtor in that case took a "more temperate approach to notice in terms of what type of lack of notice would constitute lack of due process *vis-a-vis* excusable neglect." Id.

20. There the debtor argued "excusable neglect should be upheld in circumstances where a creditor received no notice of the bar date because the creditor was not listed by the debtor on either its schedules or its mailing matrix." Id. *See also* In re Moskowitz, 35 B.R. 750, 754 (Bankr.S.D.N.Y.1983) (notice of bar date not received by unscheduled creditor); In re Pine Associates, Inc., 35 B.R. 49, 51 (Bankr.D.Conn.1983) (notice of bar date not received by unscheduled creditor); In re Hardy, 33 B.R. 77, 80 (Bankr.D.Nev.1983) (creditor not listed on mailing matrix); In re C.S.T. Const. Co., 21 B.R. 840, 845 (Bankr.N.D.Ill.1982) (unlisted creditor received no notice of bar date).

21. In this case it is perhaps undisputed that Movant failed to receive notice of the bar date.

22. On March 6, 2015, Debtor filed an "Amended Creditor Matrix" (ECF Doc. 35) which fails to list Movant at all.

23. Upon information and belief, discussions with Debtor's counsel and a review of the docket in this matter, Movant was not given notice of any bankruptcy filings until <u>after</u> she filed a motion seeking to lift the automatic stay (ECF Doc. 268).

24. For these reasons, Movant has clearly demonstrated excusable neglect due to lack of notice and therefore should be permitted to file an un-liquidated and/or contingent proof of claim for her pending employment discrimination action.

25. Movant has also attached hereto a sworn declaration indicating that she failed to receive notice of the bar date in this action. *See* Exhibit "D".

**WHEREFORE**, Movant prays that this Court grant her motion and enter an Order granting leave for her to file a late un-liquidated and/or contingent proof of claim.

Respectfully submitted,

KOLMAN ELY, P.C.

/s/ W. Charles Sipio
W. Charles Sipio, Esquire
414 Hulmeville Avenue
Penndel, Pennsylvania 19047
(T) 215-750-3134 / (F) 215-750-3138
wcsipio@kolmanlaw.net

*Attorney for Movant, Amanda Morreale*