THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| GTL (USA), INC. | § | CASE NO. 15-40248 |
| | § | |
| Debtor. | § | |
| | § | |

**SECOND AND FINAL APPLICATION OF CORPORATE RECOVERY
ASSOCIATES, LLC FOR COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES AS FINANCIAL
ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS FOR THE PERIOD FROM MAY 1, 2015
THROUGH AUGUST 31, 2015**

**NO HEARING WILL BE CONDUCTED ON THIS APPLICATION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS APPLICATION SHALL BE DEEMED TO BE UNOPPOSED AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. IF YOU FAIL TO APPEAR AT ANY SCHEDULED HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

Corporate Recovery Associates, LLC ("CRA" or the "Applicant"), financial advisor to the Official Committee of Unsecured Creditors (the "Committee") in the above-numbered and styled jointly administered bankruptcy proceeding, files this *Second and Final Application of Corporate Recovery Associates, LLC for Compensation for Services Rendered and Reimbursement of Expenses as Financial Advisor to the Official Committee of Unsecured Creditors for the Period from May 1, 2015 through August 31, 2015* (the "Application"). By this Application, CRA requests entry of an order granting approval and payment of: (i) all fees

earned and expenses previously awarded to CRA under its prior interim fee application; and (ii) all fees and expenses incurred during the period from May 1, 2015 through August 31, 2015 (the "Final Application Period") in connection with CRA acting as Financial Advisor to the Official Committee of Unsecured Creditors in this Chapter 11 case. In support of the Application, CRA respectfully states as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over the subject matter of this Application pursuant to the provisions of 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

2. This Application encompasses a request for fees pursuant to 11 U.S.C. §§ 330, 331 and 503(b)(2) and Rule 2016 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

**A.    The Bankruptcy Case**

3. On February 9, 2015 (the "Petition Date"), GTL (USA), Inc. (the "Debtor") filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Bankruptcy Case").

4. The Debtor continues to operate its business as debtor-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108. No trustee or examiner has been appointed.

5. On March 6, 2015, the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") in this case.

6. On August 8, 2015, the Debtor filed its *First Amended (Revised) Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Doc. No. 272] (the "Plan").

7. On August 26, 2015, the Court entered an order confirming the Plan (the "Confirmation Order").

8. On September 10, 2015, the Debtor filed the *Notice of Effective Date of Debtor's First Amended (Revised) Plan of Reorganization* [Docket No. 317].

**B.  Employment of CRA**

9. On April 9, 2015, the Committee filed its *Application to Employ Corporate Recovery Associates, LLC as Financial Advisor for the Official Committee of Unsecured Creditors* [Doc. No. 96] (the "Employment Application").

10. On March 31, 2015, the Court entered an order approving the Employment Application [Doc. No. 125] (the "Employment Order").

11. On April 17, 2015, the Court entered the *Sua Sponte Amended and Restated Order Granting Motion for an Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Doc. No. 113] (the "Administrative Order").

12. On June 17, 2015, CRA filed its *Amended First Interim Application of Corporate Recovery Associates, LLC for Compensation for Services Rendered and Reimbursement of Expenses as Financial Advisor to the Official Committee of Unsecured Creditors for the Period from April 7, 2015 through April 30, 2015* [Doc. No. 180] (the "First Interim Application"). In the First Interim Application, CRA sought approval and award of $21,257.50 in compensation of fees and reimbursement of $1,645.11 of costs incurred for a total of $22,902.61 fees and costs.

13. On July 30, 2015, the Court entered the Order approving the First Interim Application [Doc. No. 252] (the "First Interim Fee Order").

14. On or about August 5, 2015, the Debtor, pursuant to the First Interim Fee Order, paid CRA $4,251.00 which was on account of the 20% fee holdback for the month of April 2015.

15. During the pendency of this Bankruptcy Case, CRA filed the following fee notices and received payment from the Debtor as follows:

| Date | Docket No. | Notice | Fees Requested (80%) | Holdback (20%) | Expenses Requested (100%) | Date Payment Received | Payment Amount | Amount Still Owing |
|---|---|---|---|---|---|---|---|---|
| 5/26/15 | 143 | Notice of Fees and Expenses – April 2015 | $17,006.00 | $4,251.50 | $1,645.11 | | $18,651.11 and payment of Holdback of $4,251.50 | $0.00 |
| 7/13/15 | 217 | Notice of Fees and Expenses – May 2015 | $15,752.00 | $3,938.00 | $270.30 | | $16,022.30 | $3,938.00 |
| 7/13/15 | 218 | Notice of Fees and Expenses – June 2015 | $16,170.00 | $4,042.50 | $3.50 | | $16,173.50 | $4,042.50 |
| 8/4/15 | 256 | Notice of Fees and Expenses – July 2015 | $21,956.00 | $5,489.00 | $668.90 | | $22,624.90 | $5,489.00 |
| 9/21/15 | TBD | Notice of Fees and Expenses – August 2015 | $4,422.00 | $1,105.50 | $5.60 | | $0.00 | $5,533.10 |

### D. Fees and Expenses Incurred in the Case

16. During the Final Application Period, CRA has expended a total of 342.9 hours of analyst's time in conjunction with service as financial advisor to the Committee. Total fees for

the Final Application Period are $94,132.50, plus costs and expenses in the amount of $2,593.41 for a total of $96,725.91 (the "Fees and Expenses").

17.  This Application includes time billed for services rendered to the Committee in connection with various bankruptcy administration matters as set forth in the Billing Summary and the Project Summary (each as defined below).

## CASE STATUS

18.  The Final Application Period constituted the final portion of CRA's representation of the Committee during this case, leading to entry of the Confirmation Order.  The following is a summary of the matters addressed during this period.

19.  The Final Application Period involved extensive negotiations with Emirates International Holding Limited, LLC ("EIHL") to purchase substantially all of the Debtor's assets. The negotiations including working closely with the Debtor with respect to the Debtor's July 17, 2015 filing of its *Expedited Motion for an Order (I) Approving Settlements and Dismissal of the Case, or, in the Alternative, (II) Approving Procedures for the Sale of Substantially All Assets, (A) Approval of Bid Procedures, (B) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (C) Establishing Cure Amounts, (D) Approving the Forms of Notice, (E) Settling Hearing Dates and (III) Granting Related Relief* [Doc. No. 228] (the "Sale Motion").

20.  The Committee filed a limited objection to the Sale Motion [Doc. No. 249]. Other parties also filed objections, including the U.S. Trustee, Kunal Kapai ("Kapai"), Informage SQN Technologies LLC ("Informage"), and the Debtor's parent company GTL International Ltd. ("GTLI").

**SECOND AND FINAL APPLICATION OF CORPORATE RECOVERY ASSOCIATES, LLC FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM MAY 1, 2015 THROUGH AUGUST 31, 2015 – PAGE 5 of 16**
3841521 v2 (79972.00002.000)

21. On July 30, 2015, the Court held an expedited contested hearing and the parties, with the Court's guidance, formulated a schedule for filing the Plan on an expedited basis, including the simultaneous consideration of both the Plan and the Debtor's disclosure statement.

22. The parties participated in lengthy and intense negotiations leading to the final version of the Plan. This included settlements of the claims of the largest creditors Informage and AutOOpt Networks, Inc. ("AutOOpt"). The Committee, with CRA's guidance, was an active participant in these negotiations.

23. Upon the Effective Date, the Trust began its substantive work and believes that it has the funds necessary to ultimately make a meaningful distribution to unsecured creditors in this Bankruptcy Case. CRA believes that this was the best result possible in this case and was only possible through the diligent efforts of the parties and their respective professionals.

## FEES AND EXPENSES

### A.    CRA's Fees and Expenses

24. By this Application, CRA seeks the following by the Court: (i) final allowance of compensation for fees and reimbursement of expenses incurred in connection with service as financial advisor to the Committee during the Final Application Period; (ii) final award of all amounts previously approved by the Court and paid to CRA on an interim basis in accordance with 11 U.S.C. § 330; and (iii) an order for the Debtor to pay CRA all awarded but not paid Fees and Expenses.

25. CRA's monthly invoices for the Final Application Period (the "Invoices"), showing time and expenses during the period, are attached hereto as **Exhibit A**. The invoices comprising Exhibit A are generated by CRA in the ordinary course of its business and are compiled from daily time records submitted on a contemporaneous basis by the personnel

employed by CRA. Pursuant to CRA's ordinary billing practices, CRA's time records are kept in six-minute increments.

26. The Invoices contain a detailed listing and description of all services performed as financial advisor to the Committee by CRA, the time spent and dates on which those services were performed, the personnel that performed the services, and the rates charged during the Final Application Period. Such descriptions are in compliance with the Guidelines for Compensation and Expense Reimbursement for Professionals promulgated by the United States Trustee Office and set forth in Local Rule Appendix 9007, Exhibit H (the "Guidelines"). Moreover, certain of the time descriptions on the Invoices are redacted to protect the attorney-client privilege.

27. In addition, pursuant to the Guidelines, CRA has prepared a billing summary (the "Billing Summary"), as well as a table indicating the costs of services in regard to specific subject areas or matters of the case (the "Project Summary"). The Billing Summary is attached hereto as **Exhibit B** and the Project Summary is attached hereto as **Exhibit C**. As shown on the Billing Summary, with limited exceptions, Richard Feferman was the only CRA analyst working on this matter. Mr. Feferman alone has attended hearings, meetings and conferences during the Final Application Period.

28. Expenses incurred during the Final Application Period are set forth in detail on the Invoices. CRA has retained additional documentation supporting the expense amounts (*e.g.*, receipts) and will make such documentation available to a party in interest upon request.

29. CRA seeks allowance on a final basis of the fees and expenses incurred on behalf of the Committee during the Final Application Period. Specifically, CRA requests the Court approve the sum of $96,725.91 for CRA's fees and expenses incurred during the Final Application Period, and requests the Court order the Debtor to remit payment to CRA for the

fees and expenses incurred, to the extent not already paid by the Debtor under the terms of the Administration Order.

30. In addition, CRA hereby seeks allowance, on a final basis, of all fees and expenses allowed on an interim basis in the First Interim Fee Order.

**B.    Evaluation Standards**

31. Section 330(a)(1) of the Bankruptcy Code provides for the payment of:

(A)  reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by such person; and

(B)  reimbursement for actual, necessary expenses.

To grant a request for compensation pursuant to section 330, a court must find that the request is reasonable. *In re Cahill*, 428 F.3d 536, 539 (5th Cir. 2005). The United States Court of Appeals for the Fifth Circuit has held that the "lodestar" method is preferred in this Circuit for calculating attorneys' fees in bankruptcy cases. *See Fender v. Transamerican Natural Gas Corp.*, 12 F.3d 480, 487 (5th Cir. 1994); *see also Pennsylvania v. Delaware Valley Citizens Council for Clean Air*, 483 U.S. 711 (1986) (holding that the United States Supreme Court prefers the "lodestar" method in the calculation of attorneys' fees).

32. The "lodestar" is determined by multiplying the number of hours reasonably expended by the prevailing hourly rate in the community for similar work. *See Fender*, 12 F.3d at 487. Following this calculation, "[t]he court then adjusts the lodestar upward or downward depending upon the respective weights of the twelve [*Johnson* factors]." *Id.*

33. The Fifth Circuit employs the *Johnson* factors to aid courts in considering the reasonableness of attorneys' fees, and to assist in the court's findings and reasons upon which an award of attorneys' fees are based. The twelve *Johnson* factors are:

    1)     The time and labor involved;

    2)     The novelty and complexity of the issues involved;

    3)     The skill required to perform the legal service properly;

    4)     The preclusion of other employment;

    5)     The customary fees;

    6)     Whether the fee is fixed or contingent;

    7)     Any time limitations imposed;

    8)     The amount involved and results obtained;

    9)     The experience, reputation, and ability of the attorneys;

    10)     The undesirability of the case;

    11)     The nature and length of professional relationship with the client; and

    12)     Awards in similar cases.[1]

34.     In addition to the *Johnson* factors, the United States Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424 (1983), stated that attorneys "should make a good-faith effort to exclude . . . hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434.

**C.**     **The Johnson Factors as Applied to CRA's Fees and Expenses**

35.     This case presented numerous novel and complex issues which required the special skills and experience of CRA's members. Because of its members' skills and experience, CRA believes it has minimized fees and other expenses incurred while serving as financial advisor to the Committee.

36.     CRA's fees and expenses are also justified under the criteria set forth in *Johnson* and in *In re First Colonial Corp.*, 544 F.2d 1291 (5th Cir. 1977). A brief statement with regard to each of the twelve elements set out in the *Johnson* case follows:

    a.     **The time and labor involved:** CRA has expended a total of 342.9 in analyst hours and has incurred $94,132.50, in professional fees in serving as financial advisor to the Committee during the Final Application Period.

---

[1] *See Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974).
**SECOND AND FINAL APPLICATION OF CORPORATE RECOVERY ASSOCIATES, LLC FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM MAY 1, 2015 THROUGH AUGUST 31, 2015 – PAGE 9 of 16**
3841521 v2 (79972.00002.000)

        The time and hourly billing rate of each analyst performing professional services on behalf of the Committee are reflected in the summary provided in the Notice of Final Fee Application filed contemporaneously herewith. A detailed description of the services rendered is provided in the Invoices.

b. **The novelty and complexity of the issues involved:** CRA represents to the Court that the financial and business questions encountered in representing the Committee were of a complex and specialized nature, requiring a high degree of analytical skill and understanding in obtaining the results that have been obtained to date. The matters addressed by CRA during the Final Application Period are summarized in paragraphs 18 through 23 above.

c. **The skill required to perform the professional service properly:** CRA has members who have performed services on behalf of the Committee who dedicate the vast majority of their professional practice to bankruptcy matters. Because of their experience and skill in this specialized area of finance, CRA believes more time could easily have been employed by a less experienced financial advisor. The array of financial considerations presented in this proceeding and the prompt and skillful action taken to resolve those problems by CRA required a meaningful degree of expertise and experience. CRA's personnel were accordingly utilized as evidenced by Exhibit A.

d. **The preclusion of other employment:** CRA has not declined other employment, but has insured it has sufficient personnel to serve as

    financial advisor to the Committee in this case. During the time spent working on behalf of the Committee, the CRA analysts forewent the opportunity to work on other matters.

e. **The customary fees:** The fees applied for herein are equivalent to or less than customary fees in other proceedings for similar services rendered and results to date.

f. **Whether the fee is fixed or contingent**: Not applicable in this case.

g. **Time limitations:** A summary of hours expended and the detailed description of the work performed during each of those hours is described in <u>Exhibit A</u> attached hereto. As financial advisor to the Committee, prompt and intensive action was required in many of the activities of the case.

h. **The amount involved and results obtained:** CRA has actively participated in the matters for which it was retained as financial advisor for the Committee. Overall, CRA believes it has performed well in this case, that the Debtor's estate has benefitted from CRA's efforts and that its fees are appropriate.

i. **The experience, reputation, and ability of the financial analysts:**

    (i) The overwhelming percentage of time billed by CRA analysts on this engagement was billed by Richard Feferman.

    (ii) Mr. Feferman is the lead CRA analyst on this engagement. Mr. Feferman earned his business degree from Southern Methodist University in 1982 and has developed an expertise in the analysis of claims against highly leveraged and distressed entities. He has extensive hands on experience in the restructuring of financially distressed entities and the multiparty negotiations that are usually necessary to reach a consensus in matters of this type. Before

        founding Corporate Recovery Associates, LLC Mr. Feferman was an advisor to an owner of one of the largest private farming operations in the United States where he oversaw all investments and asset management activities. He was also a Senior Associate at Business Valuation Services, an international firm specializing in the valuation of business interests. Mr. Feferman was an instructor at the University of California, San Diego where he taught Financial Decision Making as part of the Division of Professional studies Financial Management Program.  Mr. Feferman completed a lengthy apprenticeship to the former Director of Corporate Real Estate for the IBM Western Region, where he advised clients on commercial leasehold matters. Mr. Feferman is a Certified Insolvency and Restructuring Advisor (Association of Insolvency and Restructuring Advisors - Medford, OR) and a graduate of the Forensic Accounting Academy (National Association of Certified Valuation Analysts / Consultants Training Institute – Salt Lake City, UT). CRA's fees for the case are subject to a cap on its blended rate of $275 per hour.  Mr. Feferman's hourly rate for 2015 is $650 per hour.  CRA believes Mr. Feferman's rate is reasonable and is justified in light of his experience and is well within local market rates, the $275 cap on the firm's blended rate has been an exceptional value, given that Mr. Feferman has done almost all of the work on this case and has not billed for non-working travel.

    (iii)    Similarly, other professionals of CRA who rendered services to the Committee during the Final Application Period are well qualified and skilled to perform the services required.

j.    **The undesirability of the case:** CRA does not feel the subject case or acting as financial advisor to the Committee in this proceeding was "undesirable."

k.    **The nature and length of the professional relationship with the client:** CRA's relationship with the Committee is a single event.

l.    **Awards in similar cases:** CRA believes that the fees requested herein are certainly reasonable and are less than or at least in line with fees for cases of similar difficulty and complexity.

**D.    CRA's Representations**

37.    Taking all of the *Johnson* factors into consideration, CRA respectfully submits that the fees requested in this Application are entirely appropriate.  Accordingly, CRA respectfully requests that compensation of fees and reimbursement of expenses of CRA in this matter be granted in the amounts requested herein.

38.    CRA further represents that the fees applied for are in conformity with fees allowed in similar proceedings for similar services rendered and results obtained.  CRA's expenses incurred on behalf of the Committee are reasonable and are of the kind and price normally charged to non-bankruptcy clients of CRA.  CRA respectfully requests that the Court take judicial notice of the awards which have been made in similar proceedings in this Court and in other bankruptcy courts in the State of Texas.

39.    CRA has made no agreement for the sharing of compensation of expenses herein, although members of the firm according to the firm's agreement share such fees.

40.    CRA was at all times a "disinterested person" and has not represented or held an interest adverse to the estate on the matters on which it was employed in compliance with 11 U.S.C. § 327(a).

## CONCLUSION

WHEREFORE, CRA respectfully requests that the Court enter an order: (i) approving the award of reasonable compensation for professional services rendered herein as financial advisor to the Committee during the Final Application Period in the amount of $94,132.50, plus reimbursement of expenses in the amount of $2,593.41, for a total of $96,725.91; (ii) approving and awarding, on a final basis, all previously awarded fees and expenses paid to CRA; (iii)

directing the Debtor to pay CRA the amount up to the unpaid Fees and Expenses;[2] and (iv) granting such other and further relief as this Court deems just and proper.

Dated: September 21, 2015.　　　　　　　　Respectfully submitted,

**CORPORATE RECOVERY ASSOCIATES, LLC**

By:　/s/ Richard Feferman　　　　　　
　　　Richard Feferman
　　　3830 Valley Centre Drive
　　　Suite 705-152
　　　San Diego, CA 92130
　　　Ph: (858) 205-7424
　　　Fax: (858) 430-2454
　　　Email: richard@crarecovery.com

**FINANCIAL ADVISOR FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

## CERTIFICATION

I hereby certify that: (1) I have read the Application; (2) to the best of my knowledge, information and belief, formed after reasonable inquiry, the compensation and expense reimbursement sought in this Application is in conformity with the Guidelines; and (3) the compensation and expense reimbursement requested are billed at rates, in accordance with practices, no less favorable than those customarily employed by CRA and generally accepted by CRA's clients.

　　　　　　　　　　　　　　　　　　/s/ Richard Feferman　　　　
　　　　　　　　　　　　　　　　　　Richard Feferman

## CERTIFICATE OF SERVICE

This is to certify that, pursuant to Local Bankruptcy Rule 2016(c), service of the foregoing document was effected through Electronic Notice for Registered Participants and on the parties listed below via United States Mail, first class postage prepaid, on the 21st day of September, 2015. In addition, a summary of the foregoing, in a form compliant with Local Bankruptcy Rule 2016(c)(1) (the "Summary") was sent to all parties on the creditor matrix,

---

[2] As of the filing of this Application, the Debtor has paid all expenses and 80 percent of fees during the Final Application Period, pursuant to the Administrative Order for May, June, and July 2015. The aggregate of those fee holdback amounts is $13,469.50. The August fees and expense amounts of $5,533.10 remain pending. The total of unpaid fees and expense amounts equal $19,002.60.

**SECOND AND FINAL APPLICATION OF CORPORATE RECOVERY ASSOCIATES, LLC FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM MAY 1, 2015 THROUGH AUGUST 31, 2015 – PAGE 14 of 16**
3841521 v2 (79972.00002.000)

attached hereto, via United States Mail, postage prepaid, on the 21st day of September 2015.  A copy of the Summary is attached hereto as **Exhibit D**.

                                           /s/ Jason B. Binford_____
                                           Jason B. Binford

| *The Debtors* | *U.S. Trustee* |
|---|---|
| Urmeet Juneja | Timothy O'Neal |
| Rajiv Kamat | Office of the United States Trustee |
| 5200 Tennyson Parkway, Suite 200 | 110 N. College Ave., Suite 300 |
| Plano, TX 75024 | Tyler, TX 75702 |

*Debtor's Counsel*
Lynnette Warman
Richard Grant
Culhane Meadows, PLLC
100 Crescent Court, Suite 700
Dallas, TX 75201

## SUMMARY OF EXHIBITS

<u>Exhibit A</u> – Monthly Invoices

<u>Exhibit B</u> – Billing Summary

<u>Exhibit C</u> – Project Summary

<u>Exhibit D</u> – True and Correct Copy of Summary of Committee Fee Application Served on the Creditor Matrix