## THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| GTL (USA), INC. | § | CASE NO. 15-40248 |
| | § | |
| Debtor. | § | |
| | § | |

### MOTION OF THE GTL CREDITORS TRUST FOR ORDER GRANTING AUTHORITY TO MAKE INTERIM DISTRIBUTION TO CREDITORS

**NO HEARING WILL BE CONDUCTED ON THIS APPLICATION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS APPLICATION SHALL BE DEEMED TO BE UNOPPOSED AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. IF YOU FAIL TO APPEAR AT ANY SCHEDULED HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

The GTL Creditors Trust (the "Trust"), hereby files this *Motion for Order Granting Authority to Make Interim Distribution to Creditors* (the "Motion"), and in support of the Motion respectfully represent as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

**A.     The Bankruptcy Case and the Trust**

2.     On February 9, 2015 (the "Petition Date"), GTL (USA), Inc. (the "Debtor") filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Bankruptcy Case").

3.     On August 8, 2015, the Debtor filed its *First Amended (Revised) Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Doc. No. 272] (the "Plan").

4.     On August 26, 2015, the Court entered an order confirming the Plan [Doc. No. 305] (the "Confirmation Order").

5.     On September 10, 2015, the Debtor filed the *Notice of Effective Date of Debtor's First Amended (Revised) Plan of Reorganization* [Docket No. 317] providing that the Plan's effective date (the "Effective Date") was September 10, 2015.

6.     As per the terms of the Plan, the Trust was funded via payments by the Debtor and Emirates International Holdings Limited LLC in the total amount of $1,600,000.  On or about the Effective Date, funds in the amount of $1,594,267.07 were transmitted to the Trust.[1] Thereafter, for the convenience of the applicable parties in interest and to save the estate the cost of securing a third party escrow agent, the Trust agreed to act as escrow agent solely for the purposes of distributing settlement payments under the terms of the Plan to: (a) Informage SQN Technologies, LLC; (b) AutOOpt Networks, Inc.; and (c) Radha Krushn Communications, Inc. Such payments were made on or about the Effective Date.

---

[1] The Debtor held back a total of $5,732.93 to pay 2015 taxes to the State of Texas and the State of New York.  The Trust explicitly advised the Debtor that it reserved rights with respect to whether the 2015 tax claims were obligations required to be paid by the Trust under the terms of the Plan and applicable law.  The Debtor subsequently amended Schedule E to include the State of Texas and State of New York amounts as priority tax claims.  Again, the Trust reserves all rights with respect to whether such claims are priority tax claims (and potentially an obligation of the Trust) or are administrative expense claims (and therefore an obligation of the Debtor).

7.      As per the terms of the Plan, the Trust, through Corporate Recovery Associates, LLC as the GTL Creditor Trustee (the "Trustee") and Richard Feferman as Senior Managing Director of Corporate Recovery Associates, LLC, is tasked with various matters including reviewing pre-petition claims against the Debtor, negotiating settlements, and otherwise determining which claims are objectionable.

## B.     Trust Activities

8.      From and after the Effective Date, the Trustee and counsel for the Trust have addressed a number of matters necessary to bring the Trust to the point of being able to make an interim distribution including:

a.      Drafting and sending requests for federal tax identification information to all creditors. *See* Certificate of Service at Doc. No. 332;

b.      Negotiating the reduction of the estate's largest alleged priority claim (filed by the Internal Revenue Service) from $1,398,666.72 to zero. *See* amended claim number 2 filed on November 2, 2015;

c.      Settling a claim made by a former employee of the Debtor. *See Motion Pursuant to Federal Rule of Bankruptcy Procedure 9019 to Approve Settlement Between GTL Creditors Trust and Amanda Morreale* [Doc. No. 328] and order granting same [Doc. No. 345];

d.      Negotiating the withdrawal of certain claims. *See, e.g., Notice of Withdrawal of Claim Number 52 Filed by Urmeet Juneja*; *Notice of Withdrawal of Claim Number 46 Filed by Fleckman & McGlynn, PLLC*;

e.      Filing the Trust's first Quarterly Operating Report on account of the period from the Effective Date to September 30, 2015 and making the related payment to the U.S. Trustee [Doc. No. 349];

f.      Drafting and sending 19 letters to various federal, state, and local taxing authorities requesting prompt determination of tax liability under Bankruptcy Code section 505(b)(2). *See* Certificate of Service at Doc. No. 352;

g.      Settling several claims filed by various Avis entities. *See Motion Pursuant to Federal Rule of Bankruptcy Procedure to Approve Settlement*

*Between the GTL Creditors Trust and Avis Rent a Car System, LLC and Related Entities* [Doc. No. 355] (the "Avis 9019 Motion");[2]

h.   Engaging in multiple discussions with the Debtor and the Debtor's accountant and reviewing data to determine the validity of claims and the scope of the Debtor's alleged obligations to federal, state, and local taxing authorities;[3] and

i.   Interviewing and retaining accountants for the Trust's tax reporting obligations and to assist the Trust with matters related to making distributions.

9.      In addition, throughout this time, the Trust met regularly (via telephone) with its oversight committee (the "Trust Committee") and otherwise kept the Trust Committee appraised of all Trust actions.

## RELIEF REQUESTED AND BASIS THREFOR

10.      By this Motion, the Trust seeks entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Trust to make an interim distribution to certain creditors.

11.      The Trust notes that it does not believe that Court authority is strictly required for the Trust to make distributions to creditors under the terms of the Plan and the GTL Creditors Trust Agreement. *See* Plan at Section 8. That said, the Trust has filed this Motion for several reasons. First, the Motion provides all parties in interest with a comprehensive update on the Trust's activities since the Effective Date. Second, the Trust and the Trustee herein seek authority to distribute a meaningful portion of the Trust's limited assets via an order of the Court making clear that the distribution was lawful and made upon notice to all parties in interest. By

---

[2] As of the filing of this Motion, the objection period on the Avis 9019 Motion has not expired.

[3] The entities set forth on the attached service list (including, without limitation, taxing authorities) were collected by the Trust based entirely on information provided by the Debtor and the Debtor's professionals with respect to entities that have, or could possibly have, a claim in this case arising from the Debtor's pre-petition business operations.

filing this Motion, providing parties in interest an opportunity to object and be heard, and ultimately obtaining an order, the Trustee will be in a position to make a distribution without having to reserve funds for various potential unasserted claims and other contingencies that might arise in the absence of a Court order.

12.     The percentage distribution to Allowed General Unsecured Claims in this interim distribution is 10% of the creditor's total claim amount.  Such payment will be made once the order granting this Motion is entered (likely on or about early February 2016).  The 10% amount was determined in order to allow the Trust to retain sufficient reserves to pay: (i) all claims that are currently disputed and/or under review, but may ultimately be determined to be allowed claims;[4] and (ii) the costs of administering the Trust through the conclusion of the case.

13.     Based on the information currently available to the Trust, the Trust believes that the Trust will be able to make a subsequent distribution that will increase (perhaps substantially) this distribution.  That will depend on a number of factors including whether the Trust will be required to litigate certain disputed claims.  **At this point, the best estimate the Trust has for total recovery on Allowed General Unsecured Claims is between 20% and 35% of the total claim amount.  Once again, this is an estimate, based on the information currently available to the Trust**.

14.     In addition, **the Trust currently estimates that it will make one additional distribution to creditors before closing the case.  The next (and final) distribution will occur following the Trust resolving all remaining issues with creditors.  The best current estimate**

---

[4] The interim distribution includes payment of 10% of Allowed General Unsecured claims, while holding back payment on certain disputed priority claims.  Permitting such payment to Allowed General Unsecured Claims as an interim distribution will not be a violation of the absolute priority rule because the Trust is retaining sufficient funds to pay all priority claims.  Moreover (as also noted below), interest will continue to accrue on priority claims that are ultimately deemed to be an allowed claim that is the responsibility of the Trust to pay under the terms of the Plan and applicable law.

**for a final distribution and closing the case is within approximately the next quarter**.

15.     While one of the purposes of this Motion is to obtain a Court order that will lessen the need for the Trustee to reserve large amounts of funds for various contingencies, the Trust is obligated to exclude certain claims from sharing in this interim distribution and to reserve funds related to the amount of those claims.   The specific reasons that certain claims are being excluded, and the funds reserved in relation to those claims, are set forth in the table below.   The Trust will continue its negotiations with these creditors and may ultimately file claim objections with respect to all or some of the contested claims.   **For the avoidance of doubt, the Trust is not seeking herein to disallow any claim**.   If the Trust determines that a claim should be disallowed, the Trust will file a subsequent pleading (such as a claim objection).   Moreover, in the event that the claims of the excluded claimants are resolved in favor of the claimant, the resolved claims will be included in a subsequent distribution in an amount to treat such claimants equally with similarly situated creditors.

## CLAIMS TO BE INCLUDED IN THE INTERIM DISTRIBUTION

**Priority Claims**[5]

| Claimant | Proof of Claim Number / Scheduled Claim | Claim Amount | Distribution Amount |
|---|---|---|---|
| Illinois Department of Employment Security | 42-2 | $669.97 | $682.44 |
| Illinois Department of Revenue | 51-1 | $943.84 | $961.41 |
| Texas Workforce Commission | 3-1 | $11,497.33 | $11,711.37 |

---

[5] Priority claims to be paid in the interim distribution are entirely Allowed Priority Tax Claims (as defined in the Plan).  Pursuant to the Plan, such Allowed Priority Tax Claims are entitled to be paid in full, with 4.25% per annum interest calculated from the Effective Date, in accordance with Bankruptcy Code section 511(a).  The Trust calculated the interest payable by analyzing when the claim arose as per the respective taxing authority's proof of claim and using the best information otherwise available to the Trust with respect to the claims.  Interest is calculated through February 8, 2016.  If the Distribution Date ultimately occurs after that date, the Trust will revise the payment amounts accordingly.

## General Unsecured Claims

| Claimant | Proof of Claim Number / Scheduled Claim | Claim Amount | Distribution Amount 10% |
|---|---|---|---|
| Amanda Morreale aka Amanda Rose Pacovsky | Pursuant to Settlement [Doc. No. 345] | $15,000.00 | $1,500.00 |
| American Express | 27-1 | $42,875.59 | $4,287.56 |
| Ascom Network Testing Inc | 25-1 | $231,264.58 | $23,126.46 |
| Atiya Jogezai | 8-2 | $1,275.00 | $127.50 |
| Atmos Energy Corporation | 41-1 | $135.96 | $13.60 |
| Avis Budget Group | 36-1 [subject to final approval of settlement - Doc. No. 355] | $145,433.37 | $14,54.33 |
| BeetaTek Inc | 6-1 | $127,461.00 | $12,746.10 |
| Communication Infrastructure Corporation | Scheduled | $6,000.00 | $600.00 |
| Electro Rent Corporation | Scheduled | $752.34 | $75.23 |
| ESA P Portfolio L.L.C | 26-2 | $76,019.72 | $7,601.98 |
| Flashback Data, LLC | 9-1 | $811.88 | $81.19 |
| Fleetmatics Group, PLC | Scheduled | $2,439.75 | $243.98 |
| Hertz Corporation | 39-1 | $64,907.11 | $6,490.71 |
| JDS Uniphase Corporation | Scheduled | $77,333.54 | $7,733.36 |
| Kadakkal Staffing LLC | 19-1 | $1,400.00 | $140.00 |
| Level 3 Communications, LLC | 14-1 | $111.08 | $11.10 |
| Microlease, Assigned to Attorney Recovery System, Inc. | 4-1 | $50,923.16 | $5,092.32 |
| Mohammed Ahsan | 31-1 | $5,937.50 | $593.75 |

| Claimant | Proof of Claim Number / Scheduled Claim | Claim Amount | Distribution Amount 10% |
|---|---|---|---|
| Origin to Future Inc | 18-1 | $24,918.18 | $2,491.82 |
| Software Quality Leaders Inc | Scheduled | $47,444.00 | $4,744.40 |
| TBrij LLC (dba Corporation Cars) | 40-1 | $26,798.00 | $2,679.80 |
| TraveloPod Inc. | Scheduled | $257.60 | $25.76 |
| TRS-Ren Telco, dba McGrant RentCorp | 24-1 | $206,838.05 | $20,683.81 |

## CLAIMS EXCLUDED FROM THE INTERIM DISTRIBUTION

### Priority Claims[6]

| Claimant | Proof of Claim / Scheduled Claim | Alleged Claim Amount | Reason for Exclusion |
|---|---|---|---|
| Collin County Tax Assessor/Collector | 11-1 | $3,206.52 | Under review to determine whether 2015 tax claims are an administrative expense claim and therefore Debtor's responsibility to pay |
| Commonwealth of Virginia Dept of Taxation | 53-1 | $2,571.79 | Under review to reconcile claim against Debtor's books & records |
| Franchise Tax Board – California | 29-1 | $800 | Under review to determine whether 2015 tax claims are an administrative expense claim and therefore Debtor's responsibility to pay |
| Insperity, PEO Services LP | Scheduled | $161,059.16 | Paid per Court order [Doc. No. 10] |
| Internal Revenue Service | 2-4 | $0.00 | Claim is zero per IRS claim amendment |

---

[6] The Trust recognizes that, to the extent that currently contested priority tax claims are later determined to be Allowed Priority Tax Claims, interest will continue to accrue and be payable on such claims.

| Claimant | Proof of Claim / Scheduled Claim | Alleged Claim Amount | Reason for Exclusion |
|---|---|---|---|
| New York State Department of Taxation & Finance Corp-V | Scheduled, as amended | $300.00 | Under review to determine whether 2015 tax claims are an administrative expense claim and therefore Debtor's responsibility to pay |
| Oklahoma Tax Commission | 13-1 | $1,863.04 | Under review to reconcile claim against Debtor's books & records |
| Texas Comptroller of Public Accounts | Scheduled, as amended | $5,432.93 | Under review to determine whether 2015 tax claims are an administrative expense claim and therefore Debtor's responsibility to pay |
| Various (Unidentified) Employees | Scheduled | $12,164.00 | Paid per Court order [Doc. No. 10] |

## General Unsecured Claims

| Claimant | Proof of Claim / Scheduled Claim | Alleged Claim Amount | Reason for Exclusion |
|---|---|---|---|
| A Shred 2 Pieces | 7-1 | $199.95 (filed by claimant as a secured claim) | Under review to reconcile claim against Debtor's books & records and claim incorrectly filed as secured |
| 3T Productions Inc | Scheduled | $93.37 | Paid by Debtor as an assumed executory contract |
| Abdul Qureshi | Scheduled | $32,000 | Under review to reconcile claim against Debtor's books & records |
| ADA INDIA (Ada Cellworks Engineering Pvt. Ltd.) | Scheduled | $3,760.00 | Tax ID requested by Trust, but not provided by creditor |
| All Stars Transportation | Scheduled | $2,400 | Tax ID requested by Trust, but not provided by creditor |

| Claimant | Proof of Claim / Scheduled Claim | Alleged Claim Amount | Reason for Exclusion |
|---|---|---|---|
| AutoOpt Networks  Inc | 16-1 | $3,281,240.66 | Paid per terms of Plan |
| Avis (P.V. HOLDINGS, INC., D.B.A. AVIS) | 22-1 | $16,639.90 | Settlement pending for allowance of one claim amount for all Avis related claims |
| Avis Budget Group | 35-1 | $994.35 | Struck per Court order [Doc. No. 185] |
| Avis Budget Group | 34-1 | $1,537.00 | Struck per Court order [Doc. No. 184] |
| Avis Rent A Car System, LLC | 17-2 | $83,112.46 | Settlement pending for allowance of one claim amount for all Avis related claims |
| Avis Rent A Car System, LLC | 30-1 | $16,500 | Struck per Court order [Doc. No. 177] |
| Avis Rent A Car System, LLC | 32-1 | $1,170.00 | Struck per Court order [Doc. No. 178] |
| Avis Rent A Car System, LLC | 37-2 | $2,023.94 | Settlement pending for allowance of one claim amount for all Avis related claims |
| Avis Rent A Car System, LLC | 43-1 | $1,537.00 | Struck per Court order [Doc. No. 208] |
| Avis Rent A Car System, LLC | 44-1 | $1,170.00 | Struck per Court order [Doc. No. 209] |
| Avis Rent A Car System, LLC | 45-1 | $994.32 | Struck per Court order [Doc. No. 210] |
| Avis Rent A Car System, LLC | 48-1 | $994.32 | Struck per Court order [Doc. No. 257] |
| Avis Rent A Car System, LLC | 49-1 | $1,537.00 | Struck per Court order [Doc. No. 258] |
| Avis Rent A Car System, LLC | 50-1 | $1,170.00 | Struck per Court order [Doc. No. 259] |
| Avis Rentals | Scheduled | $66,579.54 | Settlement pending for allowance of one claim amount for all Avis related claims |
| Avis Rentals | Scheduled | $56,049.57 | Settlement pending for allowance of one claim amount for all Avis related claims |

| Claimant | Proof of Claim / Scheduled Claim | Alleged Claim Amount | Reason for Exclusion |
|---|---|---|---|
| FedEx Corporation (POC Fed Ex Tech Connect) | 47-1 | $2,345.02 | Paid by Debtor as an assumed executory contract |
| Fleckman & McGlynn, PLLC | 46-1 | $116,400.97 | Claim withdrawn by claimant [Doc. No. 353] |
| FLEETCOR TECHNOLOGIES/Universal Premium | 12-1 | $9,945.67 | Under review – disputed as a duplicative filed claim |
| FLEETCOR TECHNOLOGIES/Universal Premium | 33-1 | $6,586.91 | Under review – disputed as a duplicative filed claim |
| Global Proserve Limited | Scheduled | $193,277.73 | Under review - Tax ID requested by Trust, but not provided by creditor |
| GreatAmerica Financial Services Corporation | 20-1 | $12,160.33 | Paid by Debtor as an assumed executory contract |
| GTL International Limited | Scheduled | $7,429,005.41 | No liability to Trust as per Plan |
| GTL International Limited | Scheduled | $787,049.85 | No liability to Trust as per Plan |
| GTL Limited | Scheduled | $283,742.64 | No liability to Trust as per Plan |
| Hertz Claim Center | 15-1 | $770.84 | Struck per Court order [Doc. No. 129] |
| Informage SQN Technologies LLC | 28-1 | $2,617,400.96 | Paid per terms of Plan / claim withdrawn by claimant [Doc. No. 333] |
| Israeloff Trattner & Co CPAs PC | Scheduled | $25,000.00 | Claim withdrawn by claimant |
| JAN-PRO of Dallas/ Fort worth | 10-2 | $362.34 | Paid by Debtor as an assumed executory contract |
| Kunal Kapai | 5-1 | $97,402.89 | Claim withdrawn by claimant [Doc. No. 351] |
| Marlin Business Bank (Nevil Financial Leasing) | 21-1 | $1,636.37 | Under review to reconcile claim against Debtor's books & records |
| Nevill Document Solution (acct # 1241024) | Scheduled | $40.05 | Under review – duplicative of POC #21 |
| Premium Assignment Corporation | 23-3 | $0.00 | Amended by claimant shows claim as paid |

| Claimant | Proof of Claim / Scheduled Claim | Alleged Claim Amount | Reason for Exclusion |
|---|---|---|---|
| Radha Krushn Communications, Inc | 38-1 | $48,000 | Paid per terms of Plan |
| Rahid Ahmad | Scheduled | $510.00 | Tax ID requested by Trust, but not provided by creditor |
| TransmediaX | Scheduled | $4,140.00 | Tax ID requested by Trust, but not provided by creditor |
| TW Telecom | Scheduled | $2,959.64 | Paid by Debtor as an assumed executory contract |
| Universal Premium | Scheduled | $15,990.08 | Under review – superseded by POC #12 |
| Urmeet S Juneja | 52-1 | Contingent/ unliquidated | Claim withdrawn by claimant [Doc. No. 351] |
| VAR Resources | Scheduled | $8,353.87 | Paid by Debtor as an assumed executory contract / Under review as duplicative as POC #1 |
| Wells Fargo Financial Leasing | 1-1 | $8,353.89 | Paid by Debtor as an assumed executory contract / Under review as duplicative as scheduled claim of VAR Resources |
| WEX Inc. | Scheduled | $1,823.34 | Paid by Debtor as per Doc. No. 104 |

16.    The claims listed in the tables above are a comprehensive list of all unpaid pre-petition and priority tax claims asserted in this case, whether via the Debtor's schedules, or pursuant to timely filed proofs of claim.

WHEREFORE, the Trust respectfully requests that the Court enter an order authorizing the Trustee to make an interim distribution in the amounts set forth above and granting to other and further relief to which the Trust may be justly entitled.

Dated:  January 12, 2016.                    Respectfully submitted,

                                             **KANE RUSSELL COLEMAN & LOGAN PC**


                                             By:___*/s/ Jason Binford*_____
                                                     Jason B. Binford
                                                     State Bar No. 24045499

                                             3700 Thanksgiving Tower
                                             1601 Elm Street
                                             Dallas, Texas 75201
                                             Telephone - (214) 777-4200
                                             Telecopier - (214) 777-4299
                                             Email: jbinford@krcl.com; ecf@krcl.com

                                             **ATTORNEYS FOR THE GTL CREDITORS TRUST**


## CERTIFICATE OF SERVICE


I hereby certify that on January 12, 2016 a true and correct copy of the foregoing has been served on all parties receiving ECF Notification at the date and time filed and on the attached creditor matrix via U.S. First Class mail.


                                              /s/ *Jason B. Binford*
                                             Jason B. Binford