THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| GTL (USA), INC. | § | CASE NO. 15-40248 |
| | § | |
| Debtor. | § | |
| | § | |

**MOTION OF THE GTL CREDITORS TRUST FOR ENTRY OF AN ORDER
(I) AUTHORIZING FINAL DISTRIBUTIONS TO CREDITORS; (II) ENTERING
FINAL DECREE; (III) CLOSING BANKRUPTCY CASE;
<u>AND (IV) RELATED RELIEF</u>**

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION.  IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS MOTION SHALL BE DEEMED TO BE UNOPPOSED AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT.  IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING.  IF YOU FAIL TO APPEAR AT ANY SCHEDULED HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

The GTL Creditors Trust (the "Trust"), hereby files this *Motion for Entry of an Order (I) Authorizing Final Distributions to Creditors; (II) Entering Final Decree; (III) Closing Bankruptcy Case; and (IV) Related Relief* (the "Motion"), and in support of the Motion respectfully represent as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On February 9, 2015 (the "Petition Date"), GTL (USA), Inc. (the "Debtor") filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Bankruptcy Case").

3. On August 8, 2015, the Debtor filed its *First Amended (Revised) Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Doc. No. 272] (the "Plan").

4. On August 26, 2015, the Court entered an order confirming the Plan [Doc. No. 305] (the "Confirmation Order").

5. On September 10, 2015, the Debtor filed the *Notice of Effective Date of Debtor's First Amended (Revised) Plan of Reorganization* [Docket No. 317] providing that the Plan's effective date (the "Effective Date") was September 10, 2015.

6. As per the terms of the Plan, the Trust was funded via payments by the Debtor and Emirates International Holdings Limited LLC. Thereafter, for the convenience of the applicable parties in interest and to save the estate the cost of securing a third party escrow agent, the Trust agreed to act as escrow agent solely for the purposes of distributing settlement payments under the terms of the Plan to: (a) Informage SQN Technologies, LLC; (b) AutOOpt Networks, Inc.; and (c) Radha Krushn Communications, Inc. Such payments were made on or about the Effective Date.

7. As per the terms of the Plan, the Trust, through Corporate Recovery Associates, LLC as the GTL Creditor Trustee (the "Trustee") and Richard Feferman as Senior Managing Director of Corporate Recovery Associates, LLC, is tasked with various matters including reviewing pre-petition claims against the Debtor, negotiating settlements, and otherwise determining which claims are objectionable.

8. On January 12, 2016, the Trust filed the *Motion for Order Granting Authority to Make Interim Distributions to Creditors* [Doc. No. 356] (the "Interim Distribution Motion"). By the Interim Distribution Motion, the Trustee sought to pay certain priority claims in full, as well as 10% of certain undisputed general unsecured claims. The Interim Distribution Motion also provided a comprehensive listing of all priority and general unsecured claims that would not receive an interim distribution and the specific reasons therefor. The Interim Distribution Motion defined any alleged claim that was not scheduled and for which no proof of claim was filed as a "Unasserted Claim."

9. There were no objections to the Interim Distribution Motion. On February 12, 2016, the Court entered an order grating the Interim Distribution Motion [Doc. No. 363] (the "Interim Distribution Order"). Among the provisions of the Interim Distribution Order was the following: "The Trustee is not required to reserve funds on account of Unasserted Claims and the Trustee is hereby released from any liability for failing to reserve Trust funds on account of an Unasserted Claim.

10. Following entry of the Interim Distribution Order, the Trustee continued to analyze and negotiate claims, resulting in additional withdrawn claims and related agreements. The Trustee has now concluded that, on a cost/benefit basis, it is appropriate to seek to pay the

remaining priority and general unsecured claims, to perform the administrative matters associated with closing out the Trust, and to seek the closing of this bankruptcy case.

## RELIEF REQUESTED AND BASIS THEREFOR

11. By this Motion, the Trust seeks entry of an order (the "Final Order"), substantially in the form attached hereto as **Exhibit A**: (i) authorizing final distribution to priority and general unsecured creditors as set forth below; (ii) entering a final decree; (iii) closing the bankruptcy case; and (iv) granting related relief as set forth in the Final Order deemed by the Trustee necessary to close out the Trust including, without limitation, retaining and paying tax withholdings to the IRS deemed necessary by the Trustee, filing tax returns on behalf of the Trust, final payments to Trust professionals, and a possible additional distribution to creditors if there are available funds over and above the funds that, in the judgment of the Trustee, were reserved to accomplish the final Trust administrative matters.

12. The Trustee seeking to close the bankruptcy case is specifically provided for in the Plan. *See* Plan Section 14.6. In addition, Bankruptcy Code section 350(a) provides that "[a]fter an estate is fully administered . . . the court shall close the case." Courts have held that an estate is "fully administered" at the point of "substantial consummation" of a plan, as defined in Bankruptcy Code section 1101(2). As provided in paragraph 13 of the Confirmation Order, the Plan was substantially consummated following the Effective Date and the distributions that were made under the Plan to the Trust, Informage SQN Technologies, LLC, AutOOpt Networks, Inc., and Radha Krushn Communications, Inc. Moreover, the Plan has been "fully administered" because the Trustee has determined the universe of claimants entitled to distributions and further determined that additional negotiations and/or claim objections do not meet the cost/benefit analysis test for the limited resources held by the Trust.

13. The Trust also notes that certain activities of the Trustee are likely to occur following the closing of the bankruptcy case and the entry of the final decree (for example, making the final distribution payment, paying Trust professionals, finalizing the Trust tax return, and perhaps making an additional distribution out of remaining reserve funds). However, the fact that there will be post-closing responsibilities is not a basis for delaying the entry of a final decree and closing a fully administered bankruptcy case. *See* Advisory Committee Note to Federal Rule of Bankruptcy Procedure ("Entry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been fully completed."); *see also In re Aquatic Development Group, Inc.*, 352 F.3d 671, 676 n.5 (2d Cir. 2003) (providing that a bankruptcy case may be closed when it has been substantially consummated even if an adversary proceeding is still pending).

## CLAIMS TO BE INCLUDED IN THE FINAL DISTRIBUTION

14. Following entry of the Final Order, the following claims will be included in the Trustee's final distribution to creditors.

**Priority Claims**[1]

| Claimant | Proof of Claim Number / Scheduled Claim | Claim Amount | Distribution Amount |
|---|---|---|---|
| California Franchise Tax Board | 29-1 | $800.00 | $821.85 |
| Collin County Tax Assessor/Collector | 11-1 | $3,206.52 | $3,310.15 |

---

[1] Priority claims to be paid in the final distribution are entirely Allowed Priority Tax Claims (as defined in the Plan). Pursuant to the Plan, such Allowed Priority Tax Claims are entitled to be paid in full, with 4.25% per annum interest calculated from the Effective Date, in accordance with Bankruptcy Code section 511(a). The Trust calculated the interest payable by analyzing when the claim arose as per the respective taxing authority's proof of claim and using the best information otherwise available to the Trust with respect to the claims. Interest is calculated through May 15, 2016. If the Distribution Date ultimately occurs after that date, the Trust will revise the payment amounts accordingly.

| Claimant | Proof of Claim Number / Scheduled Claim | Claim Amount | Distribution Amount |
|---|---|---|---|
| Tennessee Department of Revenue | 54 | $500.00 | $503.54 |

**General Unsecured Claims**

| Claimant | Proof of Claim Number / Scheduled Claim | Claim Amount | Interim Distribution (previously made): 10% | Second Distribution: Total of 25% |
|---|---|---|---|---|
| Abdul Qureshi | Scheduled | $32,000 | $3,200 | $4,800 |
| ADA India (Ada Cellworks Engineering Pvt., Ltd.) | Scheduled | $3,760.00 | $0 | $940[2] |
| All Stars Transportation | Scheduled | $2,400 | $0 | $600 |
| Amanda Morreale aka Amanda Rose Pacovsky | Pursuant to Settlement [Doc. No. 345] | $15,000.00 | $0[3] | $3,750 |
| American Express | 27-1 | $42,875.59 | $4,287.56 | $6,431.33 |
| Ascom Network Testing Inc | 25-1 | $231,264.58 | $23,126.46 | $34,689.69 |
| A Shred 2 Pieces | 7-1 | $199.95 | $0 | $199.95[4] |
| Atiya Jogezai | 8-2 | $1,275.00 | $127.50 | $191.25 |
| Atmos Energy Corporation | 41-1 | $135.96 | $13.60 | $20.40 |
| Avis Budget Group | Pursuant to settlement [Doc. No. 355] | $145,433.37 | $14,543.34 | $21,815.01 |
| BeetaTek Inc | 6-1 | $127,461.00 | $12,746.10 | $19,119.15 |
| Communication Infrastructure Corporation | Scheduled | $6,000.00 | $600.00 | $900.00 |

---

[2] Amount is prior to federal tax withholding for non-U.S. creditors that will be withheld by the Trustee and paid to the IRS as required under the law.

[3] A $1,500 check was initially sent by the Trustee payable to Amanda Morreale. As per agreement between Ms. Morreale's counsel and the Trustee, the original check was returned to the Trustee and the final check will be payable to Ms. Morreale's counsel.

[4] Claim was filed as secured. While the Trust disputes that this creditor is entitled to a secured claim, the Trustee determined not to spend limited Trust resources filing an objection to same.

**MOTION OF THE GTL CREDITORS TRUST FOR ENTRY OF AN ORDER (I) AUTHORIZING FINAL DISTRIBUTIONS TO CREDITORS; (II) ENTERING FINAL DECREE; (III) CLOSING BANKRUPTCY CASE; AND (IV) RELATED RELIEF**

| Claimant | Proof of Claim Number / Scheduled Claim | Claim Amount | Interim Distribution (previously made): 10% | Second Distribution: Total of 25% |
|---|---|---|---|---|
| Electro Rent Corporation | Scheduled | $752.34 | $75.23 | $112.85 |
| ESA P Portfolio L.L.C | 26-2 | $76,019.72 | $7,601.98 | $11,402.97 |
| Flashback Data, LLC | 9-1 | $811.88 | $81.19 | $121.79 |
| Fleetcor Technologies/Universal Premium | 33-1[5] | $9,945.67 | $658.69 | $988.04 |
| Fleetmatics Group, PLC | Scheduled | $2,439.75 | $243.98 | $365.97 |
| Global Preserve Limited | Scheduled | $193,277.73 | $0 | $48,319.43[6] |
| Hertz Corporation | 39-1 | $64,907.11 | $6,490.71 | $9,736.07 |
| JDS Uniphase Corporation | Scheduled | $77,333.54 | $7,733.36 | $11,600 |
| Kadakkal Staffing LLC | 19-1 | $1,400.00 | $140.00 | $210.00 |
| Level 3 Communications, LLC | 14-1 | $111.08 | $11.10 | $16.67 |
| Marlin Business Bank (Nevil Financial Leasing) | 21-1 | $1,636.37 | $0 | $409.09 |
| Microlease, Assigned to Attorney Recovery System, Inc. | 4-1 | $50,923.16 | $5,092.32 | $7,638.48 |
| Mohammed Ahsan | 31-1 | $5,937.50 | $593.75 | $890.62 |
| Nevil Document Solution (acct # 1241024) | Scheduled | $40.05 | $0 | $10.01 |
| Origin to Future Inc | 18-1 | $24,918.18 | $2,491.82 | $3,737.73 |
| Rahid Ahmad | Scheduled | $510.00 | $0 | $127.50 |
| Software Quality Leaders Inc | Scheduled | $47,444.00 | $4,744.40 | $7,116.60 |
| TBrij LLC (dba Corporation Cars) | 40-1 | $26,798.00 | $2,679.80 | $4,019.70 |
| TransmediaX | Scheduled | $4,140.00 | $0 | $1,035.00 |

---

[5] Claim 12-1 filed by Fleetcor Technologies/Universal Premium was withdrawn by the creditor. *See* Doc. No. 361.
[6] Amount is prior to federal tax withholding for non-U.S. creditors that will be withheld by the Trustee and paid to the IRS as required under the law.

**MOTION OF THE GTL CREDITORS TRUST FOR ENTRY OF AN ORDER (I) AUTHORIZING FINAL DISTRIBUTIONS TO CREDITORS; (II) ENTERING FINAL DECREE; (III) CLOSING BANKRUPTCY CASE;**
**AND (IV) RELATED RELIEF**
**Page 7 of 9**
4246118v1 (79972.00002.000)

| Claimant | Proof of Claim Number / Scheduled Claim | Claim Amount | Interim Distribution (previously made): 10% | Second Distribution: Total of 25% |
|---|---|---|---|---|
| TraveloPod Inc. | Scheduled | $257.60 | $25.76 | $38.64 |
| TRS-Ren Telco, dba McGrant RentCorp | 24-1 | $206,838.05 | $20,683.81 | $31,025.72 |

## CLAIMS NOT INCLUDED IN THE FINAL DISTRIBUTION

15. **The Trust will not be making any distributions to the following creditors on account of their scheduled or filed claim**. The reason is that, as per the undisputed text of the Confirmation Order, these claims have been paid, or should have been paid by the Debtor. *See* Exhibit A to Confirmation Order, Modifications to Plan, at Doc. No. 305, p.21. Therefore, pursuant to a final order of the Court, any payments on these claims are the responsibility of the Debtor.

| Claimant | Proof of Claim Number / Scheduled Claim | Scheduled or POC Claim Amount |
|---|---|---|
| 3T Productions | Scheduled | $93.37 |
| Fed Ex Corporation (POC Fed Ex Tech Connect) | 47-1 | $2,345.02 |
| Great American Financial Services Corp. | 20-1[7] | $12,160.33 |
| JAN-PRO of Dallas/Fort Worth | 10-2 | $362.34 |
| TW Telcom | Scheduled | $2,959.64 |
| VAR Resources | Scheduled | $8,353.87 |
| Wells Fargo Financial Leasing | 1-1[8] | $8,353.89 |

---

[7] Claim was subsequently withdrawn by claimant [Doc. No. 365].

[8] Claim supersedes claim of VAR Resources. Claim was subsequently withdrawn by claimant [Doc. No. 362].

**MOTION OF THE GTL CREDITORS TRUST FOR ENTRY OF AN ORDER (I) AUTHORIZING FINAL DISTRIBUTIONS TO CREDITORS; (II) ENTERING FINAL DECREE; (III) CLOSING BANKRUPTCY CASE; AND (IV) RELATED RELIEF**
Page 8 of 9
4246118v1 (79972.00002.000)

WHEREFORE, the Trust respectfully requests that the Court enter an order substantially in the form of the Final Order authorizing the Trustee to make a final distribution in the amounts set forth above, entering a final decree, closing the bankruptcy case, and granting to other and further relief to which the Trust may be justly entitled.

Dated:  April 12, 2016.                              Respectfully submitted,

**KANE RUSSELL COLEMAN & LOGAN PC**

By:   */s/ Jason Binford*
           Jason B. Binford
           State Bar No. 24045499

3700 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
Telephone - (214) 777-4200
Telecopier - (214) 777-4299
Email: jbinford@krcl.com; ecf@krcl.com

**ATTORNEYS FOR THE GTL CREDITORS TRUST**

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2016 a true and correct copy of the foregoing has been served on all parties receiving ECF Notification at the date and time filed and on the attached creditor matrix via U.S. First Class mail.

 /s/ *Jason B. Binford*
Jason B. Binford