THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| GTL (USA), INC. | § | CASE NO. 15-40248 |
| | § | |
| Debtor. | § | |
| | § | |

**ORDER GRANTING MOTION OF THE GTL CREDITORS TRUST FOR ORDER
(I) AUTHORIZING FINAL DISTRIBUTIONS TO CREDITORS; (II) ENTERING
FINAL DECREE; (III) CLOSING BANKRUPTCY CASE; AND (IV) RELATED RELIEF**

ON THIS DATE the Court considered the *Motion of the GTL Creditors Trust for Order (I) Authorizing Final Distributions to Creditors; (II) Entering Final Decree; (III) Closing Bankruptcy Case; and (IV) Related Relief* (the "Motion") filed by the GTL Creditors Trust (the "Trust"). The Court has reviewed and considered the Motion, and finds upon the information set forth in the Motion, the record made during the course of this bankruptcy case, and after due deliberation thereon that good cause exists for entry of this Order as set forth herein.

ACCORDINGLY, THIS COURT FINDS:

A.    This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334. The matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The Court has the authority to grant the requested relief pursuant to 11 U.S.C. §105(a) and the Court's authority to effectuate the terms of the Court's *Order Confirming Debtor's First Amended (Revised) Plan of Reorganization* [Doc. No. 305].

B.    With the exception of payments to be made by the Trust on account of the Final Distributions, all payments required to be paid by the Trust to the U.S. Trustee under the Plan, 28 U.S.C. §1930, or otherwise under the law have been fully paid by the Trust.

C.    The claims listed in the tables set forth in the Motion constitute a complete and

4306060 (79972.00002.000)

comprehensive listing of unpaid pre-petition claims asserted against the Debtor in this bankruptcy case (whether scheduled or in filed proofs of claim) and otherwise payable by the Trust. To the extent that a party attempts to subsequently assert a pre-petition claim that was neither scheduled by the Debtor nor based on a timely filed proof of claim, such a claim shall be deemed herein as an "Unasserted Claim."

      D.      The Trustee has the authority under the terms of the Plan and the Trust Agreement to make the distributions set forth in the Motion (the "Final Distributions") on behalf of the Trust.

      E.      The Trustee has the authority under the terms of the Plan and the Trust Agreement to take the actions set forth in this Order.

IT IS HEREBY ORDERED AS FOLLOWS:

      1.      The Motion is GRANTED as set forth herein.

      2.      Pursuant to 11 U.S.C. § 350(a) and Rule 3022 of the Federal Rules of Bankruptcy Procedure, the above-captioned bankruptcy case is closed and this order shall act as the final decree.

      3.      The Trustee, or the Trustee's agent, is hereby authorized to make the Final Distributions.

      4.      The Trustee, or the Trustee's agent, is authorized to take all actions necessary to close out the Trust including, without limitation, retaining and paying tax withholdings to the IRS deemed necessary by the Trustee, filing tax returns on behalf of the Trust, final payments to Trust professionals, and a possible additional distribution to creditors if there are available funds over and above the funds that, in the judgment of the Trustee, were reserved to accomplish the final Trust administrative matters.

4306060 (79972.00002.000)

5. The Trustee and the Debtor are not and shall not be required to make payment to any Unasserted Claim.

6. With the exception of the payment obligations set forth in this Order and the additional payment owing to the U.S. Trustee on account of the Final Distribution under 28 U.S.C. §1930, the Trustee and the Trustee's professionals are hereby released from any and all claims and obligations held or that may be held against the Trustee or the Trustee's professionals in the course of their representation of the Trust by the U.S. Trustee, any state or federal taxing authority, creditors in this bankruptcy case, or Unasserted Claim holders.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

8. Nothing in this Final Decree shall be deemed to revise or in any way disturb the finality of any settlement, order, distribution, payment or other arrangement previously entered into by or among the Debtor, the Reorganized Debtor, the Committee and any creditor of this estate entered into after the Petition Date. In addition, nothing in this Final Decree shall create or enlarge any new obligations on the part of the Debtor or the Reorganized Debtor to any creditor of this estate.

9. This Court shall retain jurisdiction to resolve any and all disputes arising from this Order.

Signed on 5/11/2016

*Brenda T. Rhoades*    SR

HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE

4306060 (79972.00002.000)